**UNITED STATES ex rel. WATTIS v. LANE, Secretary of the Interior.**

(Court of Appeals of District of Columbia. Submitted October 7, 1919.
Decided December 1, 1919.)

No. 3295.

**1. Public lands ⬅35(1)—"Soldier's additional right" defined.**

A "soldier's additional right" is the right of a soldier, who has received from the government less than 160 acres of land, to receive as much more land as will be necessary to make up the 160 acres, under Rev. St. §§ 2304, 2306, 2307 (Comp. St. §§ 4592, 4594, 4602).

**2. Mandamus ⬅85—Arbitrary refusal of Secretary of the Interior to act may be remedied by mandamus.**

If the Secretary of the Interior arbitrarily refuses to give one a patent to land to which he is entitled under Rev. St. §§ 2304, 2306 (Comp. St. §§ 4592, 4594), mandamus will issue to compel him to do so.

**3. Mandamus ⬅85—Ruling of Secretary of the Interior held not arbitrary, and reviewable by mandamus.**

There is room for the construction that, under Rev. St. §§ 2304, 2306, 2307 (Comp. St. §§ 4592, 4594, 4602), a soldier's additional right to receive land is not subject to testamentary disposition, but, when not exercised or transferred by the soldier in his lifetime, passes to the widow or orphan children, and it cannot be said that the Secretary of the Interior, in so deciding, was guilty of an arbitrary act, reviewable by mandamus.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by the United States, on the relation of Edmund O. Wattis, to compel Franklin K. Lane, Secretary of the Interior, to issue a patent for land. From a judgment denying a writ of mandamus, relator appeals. Affirmed.

H. A. Hegarty and S. S. Ashbaugh, both of Washington, D. C., for appellant.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. [1] James H. Barnish was a soldier of the Civil War. According to section 2304, Revised Statutes (Comp. St. § 4592), he was entitled to receive from the government 160 acres of land under certain conditions. By section 2306, Revised Statutes (Comp. St. § 4594), it is provided that a person so entitled, who entered less than 160 acres, should have the right to receive as much more land as would be necessary to make up the 160 acres. This is called a "soldier's additional right." Barnish entered 72.73 acres and died without exercising the additional right. He left a will, in which he bequeathed some money to a niece, and then devised all the rest of his real and personal property to his nephew, Samuel Barnish Glover. Through mesne assignments Wattis, appellant here, acquired the interest, if any, in the soldier's additional right which came to Glover under his uncle's will. Wattis, asserting that he possesses that right, seeks to secure title to 78.28 acres of public lands by virtue of it. The Secretary of the Interior takes the position that the soldier could not

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dispose of the additional right by will, and hence that Wattis did not acquire it. Wattis' application for a mandamus to compel the Secretary to issue to him a patent for the land was denied, and he appeals. Sections 2306 and 2307 (sections 4594, 4602) are as follows:

Sec. 2306. Every person entitled, under the provisions of section twenty-three hundred and four, to enter a homestead who may have heretofore entered, under the homestead laws, a quantity of land less than one hundred and sixty acres, shall be permitted to enter so much land as, when added to the quantity previously entered, shall not exceed one hundred and sixty acres.

Sec. 2307. In case of the death of any person who would be entitled to a homestead under the provisions of section twenty-three hundred and four, his widow, if unmarried, or in case of her death or marriage, then his minor orphan children, by a guardian duly appointed and officially accredited at the Department of the Interior, shall be entitled to all the benefits enumerated in this chapter, subject to all the provisions as to settlement and improvements therein contained; but if such person died during his term of enlistment, the whole term of his enlistment shall be deducted from the time heretofore required to perfect the title.

[2] Appellant argues that the language of those sections is "plain and unmistakable," that according to them the additional right may be disposed of by will, that the Secretary acted arbitrarily in holding otherwise, and that, in consequence, we have the power to grant the relief prayed. If the assumption that the Secretary acted arbitrarily be sound, appellant is right. Roberts v. United States, 176 U. S. 221, 231, 20 Sup. Ct. 376, 44 L. Ed. 443; Lane v. Hoglund, 244 U. S. 174, 182, 37 Sup. Ct. 558, 61 L. Ed. 1066. But is it?

[3] Looking at the statutes themselves, unaided by judicial construction, we are not able to agree with the appellant. Section 2307 declares that, in case of the death of any person "who would be entitled to a homestead" under section 2304, his widow, if unmarried, or in case of her death or marriage, then his minor orphan children, "shall be entitled to all the benefits enumerated in this chapter." This, of course, includes those given by section 2306 of the chapter. It does not say that the widow or the children shall be entitled to the right in the event the father had not willed it away, but their right to it is made to accrue upon his death. If it was the intention of Congress that the right could be disposed of by will, or, in the event of no will, should descend to the father's heirs, why the provision with respect to the widow and children? It seems to us that there is room for the construction that under these statutes the right is not subject to testamentary disposition, but, when not exercised or transferred by the soldier in his lifetime, passes to the widow or orphan children, as the case may be. And, if there is, we cannot say that the Secretary was guilty of an arbitrary act in holding that the right could not be willed. United States ex rel. Ashley v. Roper, 48 App. D. C. 69, 75, and cases cited there; United States ex rel. Johnson v. Lane, 48 App. D. C. 169, 174; Sykes v. Lane, 47 Wash. Law Rep. 299.

Counsel for appellant cites Mullen v. Wine (C. C.) 26 Fed. 206, Barnes v. Poirier et al., 64 Fed. 14, 12 C. C. A. 9, and Webster v. Luther, 163 U. S. 331, 16 Sup. Ct. 963, 41 L. Ed. 179, in support of his contention, but we do not think they help him. In the Mullen Case the right was in the minor children of the soldier, and the question

before the court was as to whether or not the children, through their guardian, were authorized to sell it. It was decided that they were. To the same effect is the holding in Barnes v. Poirier, where the only question passed upon was the power to assign the additional right in the lifetime of the owner. It was urged there that the assignment was "in contravention of the laws of the United States, against public policy, and void." But the court said no, that it contravened no statute or public policy, and added that restraints upon alienation are not favored by the law; but it did not say, because the question was not before it, that under section 2306, when construed as it must be with sections 2304 and 2307, the additional right could be devised by the soldier. The question passed upon by the Supreme Court in the Webster Case was also as to whether or not the right was assignable.

In none of them, nor in any found by us, is there any warrant for the contention that the soldier may will the right, and thus defeat the interest of his widow or orphan children, given to them by section 2307. The expressions running through these opinions, that the statute places no restrictions on the holder of the right, must be read in the light of the question which the court was considering, and cannot be taken as a warrant for holding that the right might be willed. There is authority for the proposition that the right of the owner to sell his property rests on a different footing from the right to make testamentary disposition of it. Wright, Tenures, 173; In Re Fox, 52 N. Y. 530, 533, 11 Am. Rep. 751; In re Noyes' Estate, 40 Mont. 178, 187, 105 Pac. 1013. If this be correct, and we think it is, there is a good reason for differentiating between the power to sell land and the power to dispose of it by will.

We have said this much, not for the purpose of deciding whether or not the right may be devised, for we are not required to do that, but to show that the Secretary of the Interior was acting within the scope of his discretionary power under the statute when he refused the patent. He may have erred, but with that we have nothing to do. All we hold is that his action was not arbitrary, but within the domain of his discretion, and therefore not subject to our review. The last expression of the Supreme Court of the United States upon this subject is found in Alaska Smokeless Coal Co. v. Lane, 250 U. S. 549, 40 Sup. Ct. 33, 63 L. Ed. 1135, decided November 10, 1919. It is there said, speaking of the Secretary's power in a case of this character:

"But where there is discretion, as we think there is in this case, even though its conclusion be disputable, it is impregnable to mandamus"—citing United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698, 47 L. Ed. 1074. Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610.

The judgment is affirmed, with costs.
Affirmed.