## UNITED STATES ex rel. McCULLOUGH et al. v. LANE, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted October 5, 1920. Decided November 8, 1920.)

No. 3391.

1. **Appeal and error ⬥917(1)—Demurrer admits all facts well pleaded.**

On appeal from a judgment entered after a demurrer to the answer was overruled, all matters well pleaded in the answer must be taken as true.

2. **Public lands ⬥108—Courts will not review administrative action within jurisdiction, unless arbitrary.**

The action of the Secretary of the Interior in deciding a question relative to public lands, which was within his jurisdiction, cannot be reviewed by the courts, even if erroneous, unless the Secretary acted arbitrarily.

3. **Mandamus ⬥85—Secretary's ruling that relinquishment by purchaser of public land canceled rights held not arbitrary.**

Where a purchaser of public lands had relinquished his rights thereto because of a claimed shortage in the acreage, knowing of a ruling that such relinquishment became effective immediately without action by the office, a ruling by the Secretary of the Interior that such relinquishment terminated all the purchaser's rights, and that the application could not be renewed after the land was entered by another, was not so unreasonable as to be arbitrary, and cannot be reviewed by the courts in mandamus proceedings.

4. **Public lands ⬥125—After patent is issued equity can protect rights of parties.**

If the Secretary of the Interior has erred in his rulings relating to an application for public lands, a court of equity can, after patent is issued to the successful applicant, vindicate whatever rights the unsuccessful applicants may have.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, on the relation of Stephen E. McCullough and another, against Franklin K. Lane, as Secretary of the Interior. Judgment for respondent, and petitioners appeal. Affirmed.

Samuel Herrick, of Washington, D. C. (Everest, Vaught & Brewer, of Oklahoma City, Okl., on the brief), for appellants.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. [1] The appellants filed their petition in the lower court and asked for a mandamus directing the Secretary of the Interior to reinstate on the records of the local land office at Guthrie, Okl., McCullough's entry for certain land which he had purchased under the act of June 30, 1913 (38 Stat. 92), and to issue to him a patent for the land. In due time the Secretary answered. A demurrer to the answer was overruled, and, the appellants electing to stand on their demurrer, judgment was entered for the Secretary. We must therefore take as true all matters well pleaded in the answer. Garfield v. United States ex rel. Turner, 31 App. D. C. 332, 335;

Boyd v. Nebraska ex rel. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103.

The Secretary of the Interior, pursuant to the act of Congress just mentioned, adopted regulations governing the sale of the lands, which provided that they should be sold at public sale to the highest bidder, that he should pay one-fourth at the time of purchase and the balance in four equal installments, with interest; also that failure to make the annual payments would be a sufficient cause for cancellation of the sale or entry.

In December, 1913, McCullough bid $7.75 an acre for 162.80 acres, and his bid was accepted. He made the initial payment, $319.49, and received a certificate of sale, No. 08311, upon which were printed the regulations just mentioned. A short time after his purchase another regulation was made by the Secretary, to the effect that upon default in payments by any purchaser the land would become subject to purchase at private sale for a sum equal to the bid made by the defaulting purchaser at the public sale.

Some four days before the first annual payment by McCullough became due, in December, 1914, he addressed a letter to the receiver of the local land office, in which he claimed that there were not as many acres in the tract as he had purchased, and asked for an adjustment. In answer the receiver inquired how he wished the matter adjusted, and added that it was the practice in such cases to relinquish the whole tract and make application for the return of the amount paid. He also requested McCullough to indicate at his earliest convenience what course he desired to pursue. To this McCullough replied:

"I wish to relinquish the land, as it is not there, and desire my money refunded."

Thereupon the local land officials sent to him two blank forms upon which he might express what he wanted. He returned both properly filled out and sworn to. In one he said:

"I hereby make application for the return of the purchase money paid on cash purchase, entry No. 08311, * * * and on oath declare that I have not sold, assigned, nor in any manner encumbered, the title to the land described. * * *"

And in the other:

"I hereby relinquish to the United States all my right, title, and claim in and to the land described in receipt No. 08311."

Prior to this time the Secretary had directed that local land officers should be instructed to notify all persons concerned that—

"the filing of a relinquishment of any entry or claim under the public land laws within their jurisdiction will be treated as absolute, the cancellation thereof at once noted of record, and the tract embraced therein will be held open to settlement and entry without further action."

This was in force when he relinquished. It means that the moment a relinquishment is filed it is to be treated as accepted by the government without further action on the part of any official. In January, 1915, the receiver reported to the General Land Office the action which McCullough had taken, also that his relinquishment had been

noted upon the records of the office and would be sent on with his return for the month of January.

McCullough made none of the annual payments required by his contract. From the time when he filed his relinquishment, in January, 1915, until September 5, 1918, about 3 years and 8 months, the land was open for sale. On the last-named date one Capshaw purchased it in accordance with the regulations of the Secretary and a a receipt and certificate of sale were issued to him. Some 8 days thereafter, it having become known that the land probably contained oil deposits of great value, a person claiming to represent McCullough wrote to the General Land Office stating that McCullough had never knowingly relinquished the land and that he desired to know whether he had lost his rights therein. The Commissioner, not being advised of the sale to Capshaw, answered that, for reasons stated in his letter, the officers of the local land office were instructed to reinstate McCullough's purchase. Upon receiving the instructions the officers reported to the Commissioner that the land had been sold, and requested further instruction. Within a few days thereafter McCullough asked permission to withdraw his relinquishment, claiming that it was made under a mistake of fact, and offering to abide by his purchase and pay such sums as might be due. About 3 months afterwards he tendered the entire balance of the purchase price, waiving any claim on the basis that the tract did not contain the number of acres which he had purchased. The tender was refused. Subsequently he denied his signature to the relinquishment papers, but he makes no claim of that character now.

On appeal from the refusal of the local land office to take McCullough's money, the Commissioner held that his action directing the reinstatement of his purchase was subject to the qualification that there had been no intervening adverse claim, but that as Capshaw's entry had intervened the fulfillment of the direction was impossible, and he therefore set it aside and directed that the McCullough relinquishment should be noted on the records of the General Land Office and the purchase by Capshaw should be permitted to stand. The First Assistant Secretary of the Interior on appeal affirmed the action of the Commissioner; and later denied a motion for rehearing.

McCullough now asserts, notwithstanding the statement in his affidavit already referred to, that shortly after his purchase he sold 40 acres of the tract in question to Owen, his coappellant, who on that account claims an interest in the action.

[2] The Secretary's jurisdiction is not denied. Whether or not there is error in his ruling is immaterial, unless he acted arbitrarily. This has been decided so often by this court and the Supreme Court of the United States that it is unnecessary to do more than cite a few of the cases. Decatur v. Paulding, 14 Pet. 497, 599, 10 L. Ed. 559, 609; Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698; 47 L. Ed. 1074; Lane v. Hoglund, 244 U. S. 174, 37 Sup. Ct. 558, 61 L. Ed. 1066; Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; Handel v. Lane, 45 App. D. C. 389; United States v. Roper, 48

App. D. C. 69, 75; United States ex rel. Red River Lumber Co. v. Fisher, 39 App. D. C. 181; Payne v. Olson, —— App. D. C. ——, 269 Fed. 198.

[3] It is conceded that McCullough filed the relinquishment papers referred to and demanded the return of what he had paid. He knew' that according to the regulations of the Secretary his failure to pay the installments when they became due resulted in a forfeiture of his title to the land. Yet for more than 3 years after he had relinquished he gave no sign that he was not satisfied with what had been done. Not until after he had supposed that the land had become very valuable by reason of the discovery of oil in its vicinity did he make any complaint. At that time Capshaw had acquired in due form title to the land.

It is urged by the appellants that the relinquishment was conditioned upon return of the first payment, but it does not say so. It and the request for repayment are separate papers, and there is no condition expressed in either. Appellants also contend that they have a vested right in the land. This is upon the theory that the filing of the relinquishment was only an offer which was withdrawn before it had been accepted; but this is a misconception, for, as we have shown, it was accepted as soon as it was filed.

Argument is made on the assumption that the local land office officials gave McCullough bad advice. We find nothing in the record to support it. They told him what the practice was concerning relinquishments and asked him to select the course which he desired to pursue. In this we see nothing wrong.

[4] Cases are cited to the effect that the government could not disregard its contract of sale to McCullough, that appellants should be protected from mistakes and bad advice of the land officials, and that they have a vested right in the land. But, obviously, these cases are not pertinent, for, as we have disclosed, the contract was canceled, no mistake was made or bad advice given, and all rights to the land were voluntarily surrendered back to the government by McCullough. In saying this we do not mean to be understood as deciding the ultimate rights of the parties. We have no power to do that in this action. All we rule is that, even if the Secretary erred, he did not act arbitrarily; there was much reason for what he did. And where this is so, as the decisions we have referred to above demonstrate, we have no power through means of a mandamus to revise his decision. If the Secretary has erred, a court of equity, after patent is issued to Capshaw, will, with all the parties interested before it, vindicate whatever rights the appellants may have. Payne v. Olson, —— App. D. C. ——, 269 Fed. 198, and cases there cited.

The decision of the lower court is right, and is affirmed, with costs.
Affirmed.