### SHANKS v. LANE, Secretary of the Interior.

(Court of Appeals of District of Columbia　Submitted October 14, 1920.
Decided November 8, 1920.)

#### No. 3385.

1. **Public lands** ⊂⊃108—**Construction of statutes regulating soldiers' additional rights held not unreasonable.**

   A construction of Rev. St. § 2309 (Comp. St. § 4605), authorizing a soldier's entry by agent, but requiring actual entry in person thereafter for the homestead given by section 2304 (section 4592), as not showing a homestead entered, which could be the basis of an additional homestead claim under section 2306 (Comp. St. § 4594), where an agent had filed, but the soldier had not taken possession within the required time, is not so unreasonable as to authorize revision of the Secretary's action by the courts, even though the sections may be open to another construction.

2. **Public lands** ⊂⊃108—**Reasonable construction by Secretary not reviewable by courts.**

   Where there was more than one reasonable construction of a public land statute open to the Secretary of the Interior, his action in adopting a particular construction is not subject to review by the courts until the matter has passed beyond his administrative sphere.

3. **Public lands** ⊂⊃102—**Failure of soldier to enter within time fixed after filing terminates rights without further action.**

   The failure of a soldier to make actual entry and improvements on his land within 6 months after his declaratory statement is filed by an agent forfeits his entry, under Rev. St. § 2309 (Comp. St. § 4605), without any affirmative action by the Land Office.

Appeal from the Supreme Court of the District of Columbia.

Suit by William L. Shanks against Franklin K. Lane as Secretary of the Interior, to restrain defendant from carrying into effect a decision adverse to plaintiff. Judgment for defendant, and plaintiff appeals. Affirmed.

H. A. Hegarty, of Washington, D. C., for appellant.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Appellant, claiming certain public lands by virtue of a soldier's additional right, to be explained in a moment, commenced a suit to restrain the Secretary of the Interior from carrying into effect a decision adverse to him, and for certain affirmative relief. Judgment went against him, and he brings it here for review.

Under section 2304, R. S. (Comp. St. § 4592), a soldier is entitled to receive from the government a homestead of 160 acres of land under certain conditions. He is given—

"six months after locating his homestead and filing his declaratory statement within which to make his entry and commence his settlement and improvement."

Section 2309, Id. (Comp. St. § 4605), says that—

"Every soldier * * * coming within the provisions of section twenty-three hundred and four [Id.], may, as well by an agent as in person, enter

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon such homestead by filing a declaratory statement, as in pre-emption cases; but such claimant in person shall within the time prescribed make his actual entry, commence settlements and improvements on the same, and thereafter fulfill all the requirements of law."

By section 2306, Id. (Comp. St. § 4594), it is provided:

"Every person entitled, under the provisions of section twenty-three hundred and four, to enter a homestead who may have heretofore entered, under the homestead laws, a quantity of land less than one hundred and sixty acres, shall be permitted to enter so much land as, when added to the quantity previously entered, shall not exceed one hundred and sixty acres."

[1] This is called the "soldier's additional right."

Appellant is the assignee, through mesne conveyances, of one Rogers, who was a soldier of the Civil War. Rogers, in November, 1873, filed his declaratory statement under section 2304, as it appears, but did nothing more until 13 months later when he made actual entry of the land. Two years thereafter a patent was issued to him, which covered less than 160 acres. It is admitted that his assignee is entitled to the benefit of the soldier's additional right under section 2306, if it can be said that before June 22, 1874, the date of the adoption of the Revised Statutes, Rogers had "entered" the land within the meaning of that section. Appellant contends that the filing of the declaratory statement constituted an entry because the section says that the soldier "may enter by filing," etc. The Secretary rejects this interpretation and urges that if Congress meant that the filing should be an entry such as is contemplated by section 2306, why did it provide in the next sentence that—

"The claimant in person shall within the time prescribed make his actual entry, commence settlements and improvements on the same," etc.

Surely it was not the purpose to require two entries. The "time prescribed" is fixed by section 2304 as 6 months after the filing. The Secretary also points to the decision of the Supreme Court of the United States in United States v. Morehead, 243 U. S. 611, 37 Sup. Ct. 459, 61 L. Ed. 926, which says:

"The filing of a declaratory statement is not a necessary step in acquiring title to land." It secures only "a preferential right to acquire, under the homestead law, the particular tract located on."

If this is all that it does, then it is not such an entry as is contemplated by section 2306.

But, however that may be, the purpose of the latter section, urges the Secretary, is to give to the soldier something in addition to what he has. It assumes that he has already at least initiated a right to some land under the homestead law which will eventually ripen into a perfect title and that he needs more to fill out the 160 acres to which he is entitled. The entry of November, 1873, cannot be taken, he says, as the thing to which the addition is to be made, because, not having been followed up by actual settlement within 6 months, it ceased to have any vitality long before the application for the additional right was made. United States v. Morehead, supra. Being

dead in the eyes of the law, it could not form the basis for an addition of any kind.

[2] This, we think, is not an unreasonable view, although the sections may be subject to another construction. If there was more than one reasonable construction open to the Secretary when he came to study them, he was free to take the one that appealed most strongly 'to him, and his action in that regard is not subject to the review of the courts until the matter has passed beyond his administrative sphere. Payne v. Olson, —— App. D. C. ——, 269 Fed. 198; McCullough et al. v. Lane, —— App. D. C. ——, 269 Fed. 202; Mickadiet v. Payne, —— App. D. C. ——, 269 Fed. 194; Wattis v. Lane, 49 App. D. C. 385, 266 Fed. 1005, and cases cited in these decisions.

[3] Counsel for the appellant urges that the failure of Rogers to actually enter the land within the 6 months was not enough to forfeit the rights acquired by him under the entry of November, 1873, without some action looking to forfeiture by officials of the Land Department; but this is directly in the face of the Morehead Case, which holds that the privilege secured by the settlement "lapses unless, within six months thereafter, the soldier makes entry and actually commences settlement and improvement," and cites Charles Hotaling, 3 Land Dec. 17, 20, and Stephens v. Ray, 5 Land Dec. 133, 134.

Stress is laid by the appellant on that part of section 2309 which says that the soldier may file the declaration "as in pre-emption cases." From this he argues that it has the same effect as in such cases. In support of his position he calls attention to the decision in Whitney v. Taylor, 158 U. S. 85, 95, 15 Sup. Ct. 796, 800 (39 L. Ed. 906), wherein it is said that the—

"declaratory statement bears substantially the same relation to a purchase under the pre-emption law that the original entry in a homestead case does to the final acquisition of title."

This does not help him. There is little, if any, analogy between a declaratory statement under the pre-emption law and the one in the case before us. "The pre-emptioner must personally before 'filing' have actually entered upon the land, must have commenced settlement and improvement." United States v. Morehead, supra, 243 U. S. 615, 37 Sup. Ct. 461, 61 L. Ed. 926. Nothing of that nature is demanded here. May it not be said with reason that the provision relied on deals only with the manner of filing, not with its effect?

Believing that the construction placed upon the sections by the Secretary is not unreasonable, and hence that he did not act arbitrarily, we are constrained, in the light of the aforementioned decisions. to affirm the judgment of the lower court, at the cost of the appellant.

Affirmed.