**SANITARY DAIRY PRODUCTS, INC.,**
**Plaintiff,**
**v.**
**Philip G. COOK et al., Defendants.**
**Civ. A. No. 8942.**

United States District Court
W. D. Louisiana,
Shreveport Division.

Nov. 27, 1962.

---

Ellis C. Magee, Franklinton, La., for plaintiff.

Ellis C. Magee, Franklinton, La., for all defendants except Pearce and Freeman.

Joel B. Dickinson, Baton Rouge, La., for Pearce.

Edward L. Shaheen, U. S. Atty., Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for Freeman.

Stuart H. Russell, Oklahoma City, Okl., and Charles C. Hunter, Colvin & Hunter, Mansfield, La., for North La. Pure Milk Producers Ass'n.

BEN C. DAWKINS, Jr., Chief Judge.

Plaintiff here seeks, in a purported interpleader action, to implead Orville Freeman, Secretary of Agriculture of the United States, with the Commissioner of Agriculture and Immigration of Louisiana, and certain citizens of Louisiana. Defendant Freeman has moved to dismiss the action as to him on the ground that the Court is without jurisdiction.

The complaint seeks to determine whether the United States, under the authority of the Agricultural Marketing Agreement Act, 7 U.S.C. § 601 et seq., or certain milk producers whose claims arise under LSA–R.S. 40:940.1 et seq., are entitled to the funds deposited with the Court. While the complaint alleges that the Order of the Secretary of Agriculture, No. 96, issued on June 1, 1962, affecting the marketing of milk in the North Louisiana area, conflicts with

those of the Louisiana Commissioner, there is no contention that the Secretary did not have adequate statutory authority to promulgate the Order.

■ The suit, therefore, is against Freeman in his official capacity as Secretary of Agriculture, and must be classed as a suit against the United States. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).

■ Although the doctrine of sovereign immunity is a conceptualistic hangover from the earlier days of the common law, its day in our law is not yet finished. The consent of the sovereign must be obtained before suit may be maintained. Malone v. Bowdoin, supra.

■ The interpleader statute, 28 U.S. C. § 1335, under which plaintiff here attempts to proceed, provides for jurisdiction only in those instances where the parties to be interpleaded are (1) citizens of different states, (2) citizens of a state and a foreign state or its citizens or subjects, and (3) citizens of different states and in which foreign states or citizens or subjects thereof are additional parties. It does not authorize suits against the United States expressly or impliedly. United States v. Dry Dock Savings Institution, 149 F.2d 917 (2 Cir., 1945); Herter v. Hemsley-Spear, Inc., D.C., 149 F.Supp. 713 (1957); but see United States v. Henry's Bay View Inn, Inc., D.C., 191 F.Supp. 632 (1960); United States v. Ullman, 115 F.Supp. 211 (1953); Ball Construction Company v. Jacobs, D.C., 140 F.Supp. 60 (1956), where the question of sovereign immunity apparently was not raised or considered.

Plaintiff suggests that jurisdiction over the Secretary of Agriculture could be obtained by an allegation of the invalidity of the Order for failure to comply with certain statutory provisions. This, however, would be self-defeating since jurisdiction thus could be obtained over the Secretary only as an individual citizen, and not as a representative of the Government. Unless the Government were made a party, the complaint would have to be dismissed for lack of an indispensable party.

■ For the reason that the Government is an indispensable party and has not consented to be sued, and for the additional reason that this plaintiff has an administrative remedy, 7 U.S.C. § 608c(15), which it has not exhausted, the entire complaint must be and is hereby dismissed at plaintiff's cost. The application for allowance of attorney's fees is denied; and the funds deposited in the registry of the Court will be returned by the Clerk to the plaintiff forthwith.