## UNITED STATES v. DRY DOCK SAVINGS INSTITUTION.
### No. 355.

Circuit Court of Appeals, Second Circuit.

June 12, 1945.

Davis, Polk, Wardell, Sunderland & Kiendl, of New York City (Ralph M. Carson and David M. Potts, both of New York City, of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Samuel Rudykoff, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an action by the United States to recover from the defendant the amount of a savings account, $615.16 plus interest, standing to the credit of a deceased veteran, Markar Badoyian, who died on April 14, 1943 in a Veterans' Administration facility in New York City, intestate and without heirs or next of kin. As a first cause of action the complaint relies upon an agreement contained in the veteran's application for admission to the facility to the effect that in the event of his death, while under care, without heirs or next of kin all his personal property "shall vest in and become the property of the Veterans Administration for the sole use and benefit of the post fund * * *." As a second cause of action the complaint relies upon the Act of June 25, 1910 as amended, 38 U.S.C.A. §§ 17 to 17j, inclusive, relating to the disposition of assets of veterans who die in a veterans' hospital. The defendant's answer, in addition to other matters, pleaded a counterclaim, alleging that the Public Administrator of New York County, as administrator of the deceased veteran, had demanded of the defendant payment of the savings account and praying that the administrator be made a party, the two claimants be required to interplead their claims, and the defendant be permitted to pay into court the amount of the account and be discharged from liability. The motion for interpleader was denied on the ground of the plaintiff's sovereign immunity.

It is elementary that the United States cannot be sued without express legislative authorization. Nassau Smelting Works v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190; United States v. Shaw, 309 U.S. 495, 500, 501, 60 S.Ct. 659, 84 L.Ed. 888. If the appellant had sought to bring an original bill of interpleader against the United States and the Public Administrator of New York, no authority for the suit could be found in the Interpleader Act, 28 U.S.C.A. § 41(26); for paragraph (a) (i) thereof requires that the adverse claimants be citizens of different states, although diversity need not exist between the plaintiff and all claimants. Treines v. Sunshine Mining Co., 308 U.S. 66, 70-73, 60 S.Ct. 44, 84 L.Ed. 85; Security Trust & Savings Bank v. Walsh, 9 Cir., 91 F.2d 481, 483. Obviously the United States is not a citizen of any state. See Texas v. Interstate Commerce Commission, 258 U.S. 158, 160, 42 S.Ct. 261, 66 L.Ed. 531. The appellant con-

tends that paragraph (e) of the Interpleader Act, 28 U.S.C.A. § 41(26) (e), makes an ancillary bill of interpleader available in any action at law in a United States District Court. We think not. Paragraph (e) permits a defendant to set up by way of equitable defense any matter which would entitle such defendant to file an original or ancillary bill of interpleader in the same court "under the provisions of paragraph (a) of this subsection or any other provision of Part I of this title and the rules of court made pursuant thereto." That the United States could not be interpleaded by an original bill under subsection (26) has already been demonstrated. No other provision of Part I of the title has been called to our attention authorizing the impleading of the United States. That Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c), does not aid the appellant is also clear; the new rules do not enlarge the jurisdiction of the courts to entertain suits against the United States. United States v. Sherwood, 312 U.S. 584, 589, 590, 61 S.Ct. 767, 85 L.Ed. 1058.

Hence the appellant must fall back upon the contention that when a sovereign voluntarily seeks the aid of a court for the collection of indebtedness, it impliedly waives its immunity and consents to an ancillary bill of interpleader, if another claimant also demands the debt from the defendant. This position cannot be maintained. Illinois Central R. v. Public Utilities Commission, 245 U.S. 493, 38 S.Ct. 170, 62 L.Ed. 425; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. In the former, at page 504 of 245 U.S. at page 174 of 38 S.Ct., 62 L.Ed. 425, the court said that the principle of "immunity recognizes no distinction between cross-bills and original bills, or between ancillary suits and original suits, but extends to suits of every class." In the Shaw case Mr. Justice Reed wrote at page 502 of 309 U.S., at page 662 of 60 S.Ct., 84 L.Ed. 888: "Against the background of complete immunity we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off." This opinion also shows that the principle of the Thekla case, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313, is limited to collision claims in admiralty. The appellant urges that interpleader does not involve the possibility of an affirmative recovery against the sovereign but like a set-off presents merely a defense to the plaintiff's demand. But the counterclaim for interpleader does contemplate affirmative relief, for, if granted, prosecution of the plaintiff's pending action would be enjoined. Since the Interpleader Act is not applicable, we can find no legislative authorization for such an injunction against the United States. The order appealed from is affirmed.