**FIRST NATIONAL BANK OF BROWNS-VILLE, TEXAS, Plaintiff**

**v.**

**UNITED STATES of America, Texas Kenworth Corporation, Reynolds Refrigerated Truck Service, Inc., Defendants.**

**Civ. A. No. 1262.**

United States District Court
S. D. Texas,
Brownsville Division.

April 20, 1959.

———◆———

Ransome & Ray, Brownsville, Tex., for plaintiff.

William B. Butler, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for United States.

C. S. Eidman, Jr., Brownsville, Tex., Dick P. Wood, Dallas, Tex., for Texas Kenworth Corp.

ALLRED, District Judge.

This is a purported interpleader action by plaintiff First National Bank of Brownsville, Texas, which is a citizen of Texas for jurisdictional purposes.[1] It is brought against the United States and two Texas corporations,[2] hereafter called Kenworth and Reynolds.

Plaintiff alleges that on December 24, 1958, it received by mail from Kenworth a cashier's check, for $3,374.77, drawn upon a New York bank, payable to Reynolds; that the letter of transmittal instructed the Bank to procure Reynold's endorsement on the check and return it to Kenworth but, before this could be done, a notice of levy by the Internal Revenue Service was served upon it claiming a $5,739.10 tax lien against Reynolds. The Bank moved for an order, which was granted, that the Clerk be authorized to receive the money into the registry pending determination of the rights of the defendants.

The United States has moved to file a petition in intervention. The motion being brought on, the question of jurisdiction arises and it is the Court's duty to notice it.

The Interpleader Act, 28 U.S.C.A. § 1335, confers original jurisdiction upon the district courts of any civil action or interpleader or in the nature thereof "if (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property * * *". This does not require diversity between the plaintiff and defendant-claimants but it does require two or more claimants of diverse citizenship.[3]

 The United States is not a citizen for jurisdictional purposes.[4] Apparently this is the reason why the Government seeks to intervene after being made a party. But there must be an action over which the court has jurisdiction before intervention can be allowed. The only citizens in the case are (1) plaintiff, a citizen of Texas and (2) defendants Kenworth and Reynolds, both Texas corporations. There being no diversity, the Court has no jurisdiction under either the Interpleader Act, or the general diversity statute, 28 U.S.C.A. § 1332, even if the amount in controversy exceeded $10,000.[5]

 Plaintiff pleads that jurisdiction exists also "by virtue * * * of Section 1340 and/or Section 2410 of Chapter 28 of the United States Code. "Section 1340 reads as follows:

"§ 1340. Internal revenue; customs duties

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court. June 25, 1948, c. 646, 62 Stat. 932."

By no stretch of the imagination can this case be said to come within the foregoing provisions of Section 1340.

---

1. 28 U.S.C.A. § 1348; Haynes v. Felder, 5 Cir., 239 F.2d 868.

2. Texas Kenworth Corporation and Reynolds Refrigerated Truck Service, Inc.

3. Haynes v. Felder, supra, 239 F.2d 868, at page 871.

4. United States v. Dry Dock Savings Institution, 2 Cir., 149 F.2d 917.

5. Cf. John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 200 F.2d 952.

Section 2410 of Title 28 U.S.C.A. reads, so far as pertinent here, as follows:

"§ 2410. Actions affecting property on which United States has lien

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. As amended July 7, 1958, Pub.L. 85–508, § 12(h), 72 Stat. 348."

▮ In Tompkins v. United States, 172 F.Supp. 204, this Court followed the majority rule [6] holding that section 2410 presupposes jurisdiction in a court *having jurisdiction of the subject matter* and does not confer jurisdiction to sue the Government independently, or to join the United States in a case in this Court where the remaining defendants are citizens of the same state as the plaintiff.

The motion of the United States for leave to intervene will be denied and this action will be dismissed without prejudice to the right of the United States to file an independent action, if it so desires, or plaintiff's right to file an appropriate action in the state court from which it may be removed to this Court by the United States under 28 U.S.C.A. § 1444.

The Clerk will notify counsel to submit an order accordingly and directing the Clerk to issue a check to plaintiff for the amount paid into the registry of the Court.

---

6. Wells v. Long, 9 Cir., 162 F.2d 842; Seattle Ass'n of Credit Men v. United States, 9 Cir., 240 F.2d 906.