**SUPERIOR BEVERAGE COMPANY,**
a corporation, Plaintiff,

v.

**STATE OF OHIO, and United States
of America, Defendants.**

Civ. A. No. C 70–484.

United States District Court,
N. D. Ohio, E. D.

Feb. 8, 1971.

Homer E. Carlyle, Regis W. Gilboy, Youngstown, Ohio, for plaintiff.

Frederick M. Coleman, U. S. Atty., Donald D. Weisberger, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

WILLIAM K. THOMAS, District Judge.

Plaintiff Superior Beverage Company, a corporation that has its principal place of business at 785 W. Rayen Avenue in the City of Youngstown, Ohio, on October 27, 1970, filed its amended motion for summary judgment. It seeks judgment on its petition for declaratory judgment filed May 25, 1970. On August 5, 1970, the defendant United States of America filed its answer and counterclaim.

Defendant United States has filed a motion to strike plaintiff's amended motion for summary judgment. Earlier it moved to strike plaintiff's first motion for summary judgment, filed October 2, 1970. This court denied plaintiff's first motion for summary judgment on October 21, 1970, but thereafter vacated that entry, treating the plaintiff's amended motion for summary judgment as a motion for reconsideration.

Rule 12(f), Federal Rules of Civil Procedure provides for a motion to strike certain matters from pleadings, "but does not make provision for testing the legal sufficiency of affidavits by a motion to strike." Wimberly v. Clark Controller Co., 364 F.2d 225 (6th Cir. 1966). Defendant United States' motion to strike the plaintiff's motion is inap-

propriate. However, defendant's motion will be considered as a motion for judgment on the pleadings as provided by Rule 12(c). Furthermore, by virtue of this rule Government's motion will be treated *as one for summary judgment* since there are "matters outside the pleadings * * * not excluded by the court."

The complaint of plaintiff Superior Beverage stated that "jurisdiction of this court is based on Title 28 U.S.C. § 1346(a) (2) (1966)." The first defense of defendant United States' answer is:

That the court lacks jurisdiction over the subject matter of this action for the reason that this is an unconsented suit against the United States.

Defendant's motion to strike raises the same jurisdictional ground.

Jurisdiction of this court to hear and determine the plaintiff's declaratory action will be tested by the complaint, augmented by undisputed facts in the record. Under its contract of September 1, 1960 with the State of Ohio, and under its contract of September 20, 1967 with the United States Government, Department of Agriculture, plaintiff stored processed commodities in a warehouse located at 808–820 Tod Avenue, Youngstown, Ohio.

Two policies of insurance issued by Centennial Insurance Company of New York to Superior Beverage Company, and its supplemental endorsements, in the amount of $80,000, insured the contents of the warehouse building "consisting of surplus foods." Under the endorsements the name of the insured was changed to read "Superior Beverage Company and State of Ohio and United States of America as their interest may appear."

On March 2, 1970, the warehouse and its contents were destroyed by fire. The value of the loss of commodities owned by the United States Government (Commodity Credit Corporation and the Department of Agriculture) is $294,810.55. The loss of commodities owned by the State of Ohio is $43,000. Plaintiff Superior Beverage claims that its loss of property, equipment, and household fixtures amounts to $43,000. Earlier plaintiff's complaint asserts:

According to the contract between Superior Beverage Co., Inc. and the United States Government, Superior Beverage Co., Inc. was not required to carry insurance or products stored for the United States Government as shown by paragraph (6) of said contract.

It is alleged that the extension of insurance coverage to the United States and the State of Ohio by endorsement was "inadvertently included." This allegation must be construed together with the policy provisions. One insurance policy extends coverage to:

[The] CONTENTS, consisting of surplus foods in warehouse building contained in the one story, tile building at 808–820 Tod Ave., Youngstown, Ohio; * * *.

As to "PERSONAL PROPERTY PHYSICAL DAMAGE," the other policy insures:

(a) personal property of every kind and description pertaining to the conduct of the insured's business or organization;

(b) to the extent of the insured's interest only, improvements and betterments to buildings occupied but not owned by the insured;

(c) personal property of others which is directly connected with the insured's business or organization while in the care, custody, or control of the insured, and for which the insured is legally liable.

It is premature to presently pass on complaint matters, explicit or implicit, that go to the merits. Thus, we do not stop to construe these policy provisions to determine questions of primary and secondary coverage or the relative rights of the bailor (United States of America) and the bailee (Superior Beverage) to fire insurance proceeds paid on their lost or damaged personal property.

Instead, only the jurisdictional question raised by the rival motions of the parties is ripe for ruling. This jurisdictional issue first requires a determination of whether there is federal jurisdiction to hear and determine the action of the plaintiff in which plaintiff Superior Beverage prays for a declaratory judgment:

1. That the SUPERIOR BEVERAGE COMPANY, INC. is entitled to FORTY THREE THOUSAND DOLLARS ($43,000.00) out of the proceeds of said insurance check.

2. That the State of Ohio is not entitled to any of said proceeds of said insurance check.

3. That the United States of America is entitled to THIRTY-SEVEN THOUSAND DOLLARS ($37,000.-00).

In a letter of December 9, 1970, this court asked counsel to respond to aspects of the jurisdictional issue not dealt with in their briefs. Each counsel has since filed a supplemental brief and their research has been helpful.

The opening conclusion expressed in the court's letter of December 9, 1970, is a point of beginning here. Title 28 U.S.C. § 1346 (1966) grants federal jurisdiction where the United States is a defendant. Section 1346(a) (2) specifies:

Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded * * * upon any express or implied contract with the United States * * *.

■ The amount of money involved in this action exceeds $10,000. It is manifest that jurisdiction may not be based on section 1346(a) (2). Jurisdiction over this matter involves a claim founded upon "any express or implied contract with the United States," and jurisdiction would rest solely in the Court of Claims under 28 U.S.C. § 1491 (1954). However, the Court of Claims does not have jurisdiction in a suit for declaratory judgment. United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed. 2d 52 (1969).

■ The court's letter of December 9, 1970, widened the jurisdictional issue to include the possibility of a different jurisdictional basis for plaintiff's declaratory action. In condensed form the court asked whether this court has jurisdiction under a cognate construction of 28 U.S.C. § 1335 (1948) (interpleader jurisdiction) and Title 28 U.S.C. § 2410(a) as amended November 2, 1966, Pub.L.89–719, 80 Stat. 1125, that gives consent for the United States to be

named a party in any civil action or suit in any district court * * *

* * * * * *

(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

Counsel's attention was directed to the caption of Title 2 of Public Law 89–719, CONSENT OF THE UNITED STATES TO BE SUED IN ACTIONS AFFECTING PROPERTY IN WHICH IT HAS A LIEN OR INTEREST, and to the legislative history of the act found in 3 U. S. Code Cong.Admin. News 1966, at P. 3755. In his letter to counsel this court then stated:

Hence it appears that there is not consent to name the United States as a party in any interpleader action in which the United States claims either a lien to personal property or an interest in personal property.

This tentative reading of the congressional mind puts too much emphasis on these surrounding indicators. It ignores the unambiguous wording of the language of the statute. Title 28 U.S.C. § 2410(a) (5) speaks of actions in which the United States claims a "mortgage or other lien" with respect to real or personal property. The term lien, in its legal sense, denotes "a legal claim or charge on property, either real or personal, as security for the payment of some debt or obligation * * *." 53 C.J.S. Liens § 1, at p. 826 (1948). Use of the word "lien", given its usual meaning, cannot encompass a claimed contractual interest to participate in insurance

proceeds. The Government's claimed interest cannot be equated with security for a debt or obligation. The term lien as used in section 2410(a) (5) (1966) probably also embraces an equitable lien, but the contractual basis of the Government's claimed interest in the insurance proceeds precludes its classification as an equitable lien.

Plaintiff's declaratory action may be treated in the nature of an interpleader. Nevertheless, it is concluded and determined that section 2410(a) (5) (1966) given a reasonable and unstretched construction, does not extend the consent of the Government to be sued in plaintiff's declaratory action.

■ There is a second flaw in the suggested jurisdictional basis for plaintiff's declaratory action. The interpleader jurisdictional section (28 U.S.C. § 1335 (1948) ) requires diversity of citizenship, though minimal. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). Within the meaning of diversity jurisdiction the United States of America is not a citizen of any state. United States v. Dry Dock Sav. Inst., 149 F.2d 917, 918 (2d Cir. 1945). Hence, as stated in Litigation with the Federal Government, (1970) Schwartz & Jacoby, at 188:

> Suits by and against the Government are of course, not diversity cases
> * * * .

Counsel for plaintiff Superior Beverage poses the supposition, that if instead of paying the insurance proceeds Centennial Insurance Co. of New York had filed an action for interpleader under 28 U.S.C. § 1335 (1948), this would have created jurisdiction in this court. Undoubtedly this would have been true. The minimal diversity requirements would have been met since Centennial is a citizen of New York and Superior Beverage is a citizen of Ohio. This did not happen and events cannot be rolled back. Centennial has divested itself of the insurance proceeds. Its $80,000 check has been endorsed by all payees,

cashed, and the proceeds deposited in the registry of the clerk of this court.

Treated as a motion of the Government for summary judgment on the plaintiff's declaratory action and on the foregoing grounds, the Government's motion to strike the plaintiff's motion for summary judgment will be granted. Consequently plaintiff's motion for summary judgment is mooted.

An indivisible and related matter of jurisdiction is considered *sua sponte* by this court. Under 28 U.S.C. § 1345 (1948), this court has jurisdiction of both the first and second counterclaims of the United States of America. The first counterclaim is based on claimed breach by Superior Beverage of the provisions of the subject storage contracts upon the Government's claims that the contract breaches and alleged negligence of Superior Beverage caused the fire and resulting loss. Government claims total loss in the amount of $337,810.55. This sum includes $294,810.55 damages of the United States of America and an assigned claim of the State of Ohio in the amount of $43,000.

The second counterclaim incorporates the allegations of the first counterclaim, but its claim depends on succeeding paragraphs. The second and third paragraphs refer to two insurance agreements between the plaintiff Superior Beverage and Centennial Insurance. These paragraphs cite the coverage in these policies that expressly insure the surplus goods at the Tod Avenue warehouse. They specify the issuance of the check for $80,000 in insurance proceeds to "Superior Beverage Company, the State of Ohio, and the United States of America as their interests may appear." The fourth paragraph of the second counterclaim links the insurance provision of the storage contract (between Superior Beverage Company and the United States of America). This states "if the warehouseman does insure contract commodities, the benefit(s) of such insurance shall inure to the Government." Judgment is then prayed for

endorsement and delivery of the insurance check to the United States.

The second counterclaim does not say, nor could it be claimed, that the first counterclaim creates the claim of the second counterclaim. Until and unless a judgment is rendered in favor of the United States on the first counterclaim there can be no predicate on which the Government could assert a lien to the insurance proceeds. Clearly the nature and sufficiency of the claim stated in the second counterclaim must rest on a different basis.

Though it does not expressly invoke the declaratory judgment statute (28 U.S.C. §§ 2201–2202 (1958) ), the second counterclaim alleges a cause of action that seeks declaratory relief. To grant the requested judgment "requiring plaintiff to endorse and deliver to defendant the check issued by the insurance company under the aforementioned insurance policies * * *" certain findings are a prerequisite. It first must be determined that the United States is entitled to the insurance proceeds. This would require supporting declarations that either under the terms of the insurance policies or as a bailee under its storage contract with Superior Beverage, the warehouseman-bailor, the United States is entitled, as a matter of law, to all or part of the insurance proceeds.

Plaintiff Superior Beverage has filed answers to the first and second counterclaims. The answer to the first counterclaim in substance denies the claims of the United States made in the first counterclaim. Paragraph 4 of the answer to the second counterclaim joins issue with the relief sought by the United States in the second counterclaim. This paragraph states:

Plaintiff denies the allegation of paragraph 10, except that it admits that the State of Ohio sustained a loss of $43,000.00.

This paragraph, in effect, denies, as claimed in the second counterclaim, that the United States is entitled to the entire $80,000 amount of the insurance proceeds. This paragraph also implicitly requests a declaratory judgment that would apportion $43,000 of the insurance proceeds to Superior Beverage. It will be so construed.

Extension of the rule of sovereign immunity to a cross-action of a party against a government action excepts and permits "the amount necessary as a set-off," United States v. Shaw, 309 U.S. 495, 502, 60 S.Ct. 659, 662, 84 L.Ed. 888 (1940). It is logical and just to apply to declaratory actions the *Shaw* rule of set-off (an exception to the prohibition of unconsented suits against the Government.) Responsive to the second counterclaim of the Government, and within paragraph 4 of its answer to the second counterclaim, Superior Beverage may press its request for its designated apportionment of the insurance proceeds.

It is so ordered.