**Darrell W. DARLING, et al.,**
**Plaintiffs,**

v.

**The UNITED STATES, et al.,**
**Defendants.**

**No. Civ. S–2322.**

United States District Court,
E. D. California.

Aug. 1, 1972.

---

Thomas H. Frankel, Davis, Cal., David Blicker, Sacramento, Cal., for plaintiffs.

Robert E. Leidigh, Davis, Cal., John Luvaas, Jr., Woodland, Cal., Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

Plaintiffs Darrell W. Darling, Lawrence A. Moorman, R. Bruce Ware, and Donald G. Morgan are trustees of a trust established by the Telephone War Tax Protest Committee. The trustors have been paying the federal excise tax on their telephone service to the trustees because they believe that the purpose of the tax is to support an unconstitutional war in Vietnam. The trustees have been charged with the duty of determining to which of two alternative beneficiaries the funds should be paid: the United States of America or the Northern California Regional Office of the American Friends Service Committee.

The first cause of action was filed in the form of interpleader pursuant to 28 U.S.C. Section 1335, names the alternative beneficiaries as defendants, and seeks a determination either that the tax under 26 U.S.C. Section 4251 is constitutionally valid and the trust funds should be paid to the United States, or that the tax is invalid and the funds should be paid to the American Friends Service Committee. Plaintiffs are asking the Court through this procedural device to hold that the Vietnam war is unconstitutional or illegal, and that therefore a tax which allegedly supports the war is

invalid. This cause of action also seeks a temporary injunction restraining defendants from attempting to collect the tax from the trustors pending the final determination of the action.

The second cause of action seeks temporary and permanent injunctions against defendant Raymond Harless, District Director of Internal Revenue, restraining him from seizing the trust funds. Jurisdiction is alleged in this cause of action additionally under 28 U.S.C. Sections 1331 and 1340.

Defendants United States and Raymond Harless have moved that the action be dismissed pursuant to Rule 12, Federal Rules of Civil Procedure, because the Court lacks jurisdiction over both the subject matter of the action and the person of the defendant United States, and because plaintiffs lack standing to bring the action.

### FIRST CAUSE OF ACTION: INTERPLEADER

■ Plaintiffs in their first cause of action assert jurisdiction under 28 U.S.C. Section 1335, but have not met the requirements of that statute. Section 1335 confers jurisdiction only if "two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property." There is no allegation of diversity of citizenship in plaintiffs' complaint. Moreover, the United States is not a citizen of any state within the meaning of diversity jurisdiction. United States v. Dry Dock Savings Institution, 149 F.2d 917, 918 (2d Cir.1945); Superior Beverage Co. v. State of Ohio, 324 F.Supp. 564, 567 (N.D.Ohio 1971).

■ In addition, plaintiffs have not complied with the statutory interpleader statute by depositing the money in question into the registry of the Court, which is a condition precedent to the exercise of jurisdiction. Metal Transport Corp. v. Pacific Venture Steamship Corp., 288 F.2d 363 (2d Cir.1961); New

York Life Insurance Co. v. Lee, 232 F.2d 811, 814–815 (9th Cir.1956).

### SECOND CAUSE OF ACTION: INJUNCTION

■ In their second cause of action, plaintiffs assert jurisdiction under 28 U.S.C. Sections 1331 and 1340. These statutes do not, however, waive immunity of the United States from suit, and there is no jurisdiction over the United States unless Congress has consented by statute. Congress instead has expressly forbidden injunctions against the collection of federal taxes. Title 26 U.S.C. Section 7421(a) provides that:

> . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiffs argue that section 7421 is inapplicable in the present case because the section is designed to prohibit interference by injunction only in cases where a suit for a refund would grant adequate relief. They further contend that a suit for refund would not grant adequate relief in this action.

According to Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the purpose of section 7421(a) is to permit the United States to assess and collect taxes without judicial intervention, and to require that the legal right to disputed sums be determined by a suit for refund. The Court would allow injunctions against the collection of federal taxes, however, in spite of the statute "if it is clear that under no circumstances could the Government ultimately prevail" in the collection of the taxes allegedly due and if equity jurisdiction otherwise exists, i.e., if the legal remedy is inadequate. *Id.* at 7–8, 82 S.Ct. at 1129.

Plaintiffs contend in the instant case that it would be impossible for them to

obtain an adjudication of the constitutionality of the tax statute in this circuit through their legal remedy, an action for refund, because of the Ninth Circuit's decision in Kalish v. United States, 411 F.2d 606 (9th Cir.1969). They argue that because of this decision and because a multiplicity of suits would be required, that the legal remedy is inadequate and that a suit for injunction is not barred.

The Ninth Circuit in *Kalish*, however, does not appear to limit its holding to a refund action. Plaintiff in that case alleged that the same statute which is in question now was unconstitutional because it was enacted to raise funds for the Vietnam war, and claimed a refund. The court held that plaintiff had no standing to sue and noted at p. 607:

> Nothing on the face of the statute states the purpose for which the revenue will be used. It is merely a general excise tax statute. We will not probe the legislative history to unearth a claimed improper motive in the enactment of a statute to overturn an otherwise valid statute.

If the Ninth Circuit refused to consider the constitutionality of the Vietnam war in a refund case, it seems unlikely that it would issue an injunction against collection of the tax on the same ground. The Supreme Court has said that "Only if it is . . . apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." Enochs v. Williams Packing & Navigation Co., *supra*, 370 U.S. at 7, 82 S.Ct. at 1129. Very similar complaints in the nature of interpleader and asking for injunctions

were dismissed on September 29, 1971 by the United States District Court for the Northern District of California. See Kent v. United States, No. C–71–1195–RHS (N.D.Cal.1971); Whitaker v. United States, No. C–71–1218–RHS (N.D.Cal.1971); and Collins v. United States, No. C–71–1219–RHS (N.D.Cal. 1971).

■ The present complaint alleges additionally that the telephone tax is unconstitutional because it is a burden upon and a prior restraint of speech, that it violates the guarantee of substantive due process of law contained in the Fifth Amendment, that it imposes upon telephone subscribers as a class, a discriminatory tax for the support of the war, and that it imposes irreparable harm by taking property without due process of law. These allegations are without merit.

■■ Plaintiffs state in their complaint that "only an injunction issued by a three-judge court, restraining the collection of the tax by reason of its repugnance to the Constitution, can effectively protect the rights of the plaintiffs, the trustors, and the Friends." Although a three-judge court would be required under 28 U.S.C. Section 2282 to enjoin enforcement of the statute, such a court is convened only when a substantial constitutional question exists, California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), and when there is jurisdiction. If the District Court determines that there is no jurisdiction, it must dismiss.

It is therefore ordered that the motion of defendants United States and Raymond Harless to dismiss the action pursuant to Rule 12, Federal Rules of Civil Procedure, be, and the same is, hereby granted.