**Roger KENT et al., Plaintiffs-Appellees,**

**v.**

**The NORTHERN CALIFORNIA REGIONAL OFFICE OF the AMERICAN FRIENDS SERVICE COMMITTEE et al., Defendants-Appellants.**

**Roger KENT et al., Plaintiffs-Appellants,**

**v.**

**The UNITED STATES and the Northern California Regional Office of the American Friends Service Committee et al., Defendants-Appellees.**

Nos. 72–1093, 72–1094.

United States Court of Appeals, Ninth Circuit.

May 10, 1974.

Timothy H. Power (argued), San Francisco, Cal., for Northern Cal. Regional Office of American Friends Service Committee et al.

Marshall W. Krause (argued), Fairfax, Cal., Scott Crampton, Asst. Atty. Gen., John A. Townsend, Tax Div., U. S. Dept. of Justice, Washington, D. C., James Browning, U. S. Atty., John Youngquist, Asst. U. S. Atty., San Francisco, Cal., for Roger Kent et al.

John A. Townsend (argued), Meyer Rothwacks, Scott Crampton, Asst. Atty. Gen., Tax. Div., U. S. Dept. of Justice, Washington, D. C., James L. Browning, U. S. Atty., John M. Youngquist, Asst. U. S. Atty., San Francisco, Cal., for the United States et al.

Before CHAMBERS, CARTER and WALLACE, Circuit Judges.

## OPINION

WALLACE, Circuit Judge:

Three essentially identical and consolidated interpleader and injunctive relief actions were brought in the district court in an attempt to test the constitutionality of congressional spending on the conflict in Viet Nam and the constitutionality of the federal telephone tax. (Section 4251 of the Internal Revenue Code of 1954, 26 U.S.C. § 4251.) The district judge dismissed the actions. We affirm.

Instead of paying the 10% federal tax on their telephone bills, certain California taxpayers (trustors) paid the amounts into express trusts of which the plaintiffs-appellants (trustees) are charged with the duty of determining whether the telephone tax is constitutional. If the trustees determined the tax was constitutional, the trusts re-quired them to pay the money to the United States. On the other hand, if the trustees determined the tax was unconstitutional, they were to pay the funds to the appellant The Northern California Regional Office of the American Friends Service Committee (NCAF). Since the trusts had two contingent beneficiaries and the trustees did not know to which of two competing claimants they were liable, they brought interpleader actions. The trustees also sought injunctions to prevent the Internal Revenue Service from collecting the tax, alleging that the tax was unconstitutional essentially on the grounds that the tax is a burden on and a prior restraint of freedom of speech and that the tax is unconstitutional because the revenues therefrom are used to support an undeclared and thus an unconstitutional war.

## I. INTERPLEADER

Statutory interpleader, 28 U. S.C. § 1335, requires that at least two of the adverse claimants be of diverse citizenship. The United States, for the purposes of interpleader statute, is not a citizen of any state. United States v. Dry Dock Savings Inst., 149 F.2d 917 (2d Cir. 1945) (interpreting the predecessor of section 1335, 28 U.S.C. § 41(26)); Superior Beverage Co. v. Ohio, 324 F.Supp. 564, 567 (N.D.Ohio, 1971); First National Bank v. United States, 172 F.Supp. 757, 758 (S.D.Tex. 1959); 3A J. Moore, Federal Practice ¶22.09[3], at 3067 (2d ed. 1974). Therefore, the requisite diversity is lacking.

Appellants, however, argue that 28 U.S.C. § 2410(a)(5), which waives sovereign immunity in actions affecting property on which the United States has a lien, implicitly annuls the diversity requirement when the United States is a defendant. We disagree. Section 2410(a)(5) presupposes a valid interpleader action. In Shaw v. United States, 331 F.2d 493, 496 (9th Cir. 1964), we said:

[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in ad-

dition to waiving sovereign immunity, confer jurisdiction upon the federal courts. Seattle Ass'n of Credit Men v. United States, 9 Cir., 240 F.2d 906; Wells v. Long, 9 Cir., 162 F.2d 842. *See also* First National Bank v. United States, 172 F.Supp. 757 (S.D.Tex.1959).

In 1966, section 2410 was amended, but that amendment does not change our rule. Section 2410(a)(5), the Federal Tax Lien Act of 1966, was designed "to conform the lien provisions of the internal revenue laws to the concepts developed in [the] Uniform Commercial Code. It represents an effort to adjust the provisions in the internal revenue laws relating to the collection of taxes of delinquent persons to the more recent developments in commercial practice . . . ." 1966 U.S.Code Cong. & Admin.News 3722.

▉▉ Thus, under our rule, if there is to be jurisdiction for this interpleader action, section 1335 must be applicable. In the instant action, the United States and NCAF are the alleged claimants. Since under section 1335 an interpleader action will not lie where there is only one claimant and the United States, Superior Beverage Co. v. Ohio, *supra*; First National Bank v. United States, *supra*, the district court properly dismissed the interpleader action.

▉ There is an additional reason to deny an interpleader action in this case. The terms of the trust indicate that the trustees knew of the competing claims before the trust was ever established. They voluntarily placed themselves in the position of being subject to adverse claims by multiple claimants. Interpleader, which is an equitable remedy, is not available to one who has voluntarily accepted funds knowing they are subject to competing claims. 45 Am.Jur.2d Interpleader § 18, at 446 (1969). *See* Calloway v. Miles, 30 F.2d 14 (6th Cir. 1929). The trustees were not frustrated stake holders attempting to solve a problem foisted upon them. They were misusing an otherwise valid remedy primarily in an attempt to test their views on

the Viet Nam conflict. The trustees, knowing of the competing claims, voluntarily took upon themselves the duty of deciding which of the adverse claimants was entitled to the fund. As such, this court should and does refuse to relieve the trustees from the embarrassment in which they voluntarily placed themselves.

▉ Aside from the requirements of a valid interpleader action, allowing interpleader under the facts of this case could disrupt the orderly procedures created by Congress for handling tax litigation. The administration of the fiscal needs of the United States is undoubtedly a monumental task and is of vital importance to the nation. Congress has provided a system in which judicial review of tax liability may be obtained. In Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court recognized that the procedures for obtaining judicial review of tax liability were designed to be the exclusive methods for litigating federal tax liability. In the instant case, the taxpayers could have contested their tax liability and the constitutionality of the tax in a refund suit as was done in Kalish v. United States, 411 F.2d 606 (9th Cir.), cert. denied 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 86 (1969). The present attempt to litigate the constitutionality of and liability for the tax can only be characterized as a "hybrid" method condemned by the Supreme Court in *Flora*, 362 U.S. at 163. The procedure devised by the present taxpayers is outside the exclusive scheme provided by Congress.

## II. INJUNCTION

### A. *Standing*

▉▉ Trustees have standing to assert an interpleader action because both the United States and the NCAF assert adverse claims to the fund which they hold as trustees. However, the trustees have no standing to enjoin the collection of taxes from the taxpayers themselves. Nonetheless, the trustees argue that the

district court should have joined the taxpayers (trustors) under Fed.R.Civ.P. 19(a) rather than dismiss the case for lack of standing. However, since the taxpayers were so numerous, the district judge did not abuse his discretion in deciding joinder was not feasible.

■ There is no doubt that as to the trust fund, the trustees are the real party in interest by virtue of Fed.R.Civ.P. 17(a). But Rule 17(a) means only that the trustees have a real interest in the trust fund. Rule 17(a) does not give them *standing*; "real party in interest" is very different from standing. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1542, at 641 (1971).

■ The crux of the standing issue is whether the two-part test for challenging tax statutes has been met:

First, the taxpayer must establish a logical link between that status and the type of legislative enactment attacked. . . . Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8.

Flast v. Cohen, 392 U.S. 83, 102–103, 88 S.Ct. 1942, 1954, 20 L.Ed.2d 947 (1968). Since the trustees are not the taxpayers and their only interest in the litigation is in the trust fund, they lack standing to contest the tax. We reject appellants' argument that they should be deemed to stand in the shoes of the taxpayers.

B. *26 U.S.C. § 7421*

■ Title 26 U.S.C. § 7421 provides in part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not

such person is the person against whom such tax was assessed." The force of this statute, by itself, is enough to defeat appellants' claim for injunctive relief. Appellants argue that section 7421 does not bar injunctive relief when "it is clear that under no circumstances could the Government ultimately prevail." Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The full context from which appellants quote from *Enochs*, however, shows that the appellants' claim must fail:

The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, *if it is clear that under no circumstances could the Government ultimately prevail,* the central purpose of the Act is inapplicable and, under the *Nut Margarine* case [Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422], *the attempted collection may be enjoined if equity jurisdiction otherwise exists* In such a situation the exaction is merely in "the guise of a tax." *Id.,* [284 U.S.] at 509 [52 S.Ct. at 263].

We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.

*Id.* at 7 (emphasis added and footnote omitted). The inevitability of government defeat in this case is far from clear and appellants have shown us no

**1330**

reason to think otherwise. There is nothing in this case to show that the government's case is a "lost cause." Thrower v. Miller, 440 F.2d 1186, 1188 (9th Cir. 1971).

### III. CONCLUSION

Since we hold that the district court was correct in dismissing the complaint, we need not reach appellants' claims that the tax violated due process or is a burden on freedom of speech. The remainder of appellants' claims are without merit. The trial judge was not required to recuse himself under 28 U.S.C. § 144. The motion was made after judgment and, from the record, it does not appear that the judge was prejudiced against the appellants. Nor do we believe a three-judge court was required to decide these issues.

Affirmed.