ST. LOUIS UNION TRUST CO., a corp., as
Escrow Agent under Escrow Agreement
dated July 24, 1970, between Andrew L.
Stone, United States of America, and St.
Louis Union Trust Co., Plaintiff,

v.

Andrew L. STONE et al., Defendants.

No. 76–236C(1).

United States District Court,
E. D. Missouri, E. D.

March 16, 1977.

Thomas S. McPheeters, Jr., Robert F. Scoular, Juan D. Keller, Kenneth A. Kleban, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U. S. Atty., Richard J. Sheehan, Henry H. Stern, Jr., Susman, Stern, Agatstein & Heifetz, St. Louis, Mo., Alexander Younger, Mark A. Cymrot, U. S. Dept. of Justice, Civil Div., John J. McCarthy, Chief Litigation Section and J. Brian Ferrel, Tax Div. of U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motions of the defendant United States to dismiss St. Louis Union Trust's complaint, and to dismiss defendant Andrew Stone's cross claim; on the separate motion of defendant M. Jeanne Stone to dismiss the plaintiff's complaint as to her; and on plaintiff's motion to dismiss the counterclaim filed by Andrew Stone. For the reasons stated below, the motion of the United States to dismiss the complaint will be granted in part and denied in part, and the motion to dismiss the cross claim will be granted.

St. Louis Union Trust, a Missouri corporation, has brought this action for interpleader, pursuant to 28 U.S.C. § 1335, alleging jurisdiction thereunder based on 26 U.S.C. § 7426, 28 U.S.C. §§ 1331, 1340, and 2410, and for declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff alleges that on July 24, 1970, it entered into an escrow agreement, as escrow agent, with defendants Andrew Stone and the United States, acting through its agent, Rex E. Lee (Assistant Attorney General in charge of the Civil Division of the Department of Justice). The purposes of this agreement were to assure the United States of sufficient assets to satisfy any judgment it might recover in a civil suit then pending against the Stones, *Stone v. United States*, 405 F.Supp. 642 (S.D.N.Y.1975), aff'd., 538 F.2d 314 (2nd Cir. 1976), and to avoid the

institution of attachment proceedings against Stone's assets by the United States. Pursuant to the escrow agreement, Stone deposited certain assets with plaintiff, who was required to deposit the income therefrom in a separate account for Stone, after deducting its fees and expenses. The Department of Justice agreed to refrain from instituting attachment proceedings and to use its ". . . best internal efforts to dissuade any other agency from proceeding by way of attachment or any other lien against the property and assets of Stone". Notwithstanding this provision, on February 8, 1972, the District Director of the Internal Revenue Service in St. Louis, Missouri, filed a notice of lien against the property the Stones had deposited in escrow, which required plaintiff to surrender to the Internal Revenue Service all of the Stones' assets it held, but was advised by the Internal Revenue Service that the assets should be held by the plaintiff and not surrendered to the Internal Revenue Service or any other party. On March 9, 1976, a Revenue officer served plaintiff with a further notice of levy and a final demand for all of the Stones' escrowed assets by March 15, 1976. On March 11, 1976, plaintiff received a telegram from Stone insisting that the levy was unlawful, demanding the plaintiff refuse to honor the Government's demand, and threatening legal action in the event that it did honor the Government's demand. On March 15, 1976, the parties stipulated that the principal and income would be deemed to have been paid into court, and plaintiff filed this complaint. On April 22, 1976, the Internal Revenue Service released the principal of the escrowed property from the levy made on March 9, 1976.

Plaintiff contends that interpleader is proper in the instant case because it has an interest in the income, the Government and Stone have conflicting claims, and it has been threatened with legal action. Andrew L. Stone, in his answer and affirmative defense, which is actually a cross claim, supports plaintiff's claim for interpleader. The United States has moved to dismiss the complaint, claiming that this Court lacks subject matter jurisdiction.

Plaintiff claims this Court's jurisdiction over the interpleader action is based on 26 U.S.C. § 7426, and 28 U.S.C. §§ 1331, 1340, 2201, and 2202. However, its reliance upon these sections is misplaced. Both the title and substance of the complaint clearly show that it is an action for interpleader, and, as such, is governed by 28 U.S.C. § 1335 or F.R.Civ.P. 22. This Court has jurisdiction over § 1335 interpleader actions only if there are at least two adverse claimants of diverse citizenship. *Kent v. Northern California Regional Office of the American Friends Service Committee*, 497 F.2d 1325 (9th Cir. 1974). In the instant case, plaintiff and the defendant Stones are residents of Missouri, and for the purposes of § 1335, the United States is not a citizen of any state. Id. Accordingly, it is clear that the minimal diversity requirements of § 1335 do not exist. Additionally, plaintiff cannot base jurisdiction over this interpleader action on F.R.Civ.P. 22 because of the lack of either diversity or a federal question.

Next, defendant Andrew Stone claims that 28 U.S.C. § 2410 confers jurisdiction upon this Court with regard to actions for interpleader because the provisions of § 2410 operate to waive the diversity requirements for interpleader actions. It was held in *First National Bank of Brownsville, Texas v. United States*, 172 F.Supp. 757, 759 (S.D.Tex.1959), that

". . . section 2410 presupposes jurisdiction in a court having jurisdiction of the subject matter and does not confer jurisdiction to sue the Government independently, or to join the United States in a case in this Court where the remaining defendants are citizens of the same state as the plaintiff." Accord, *Shaw v. United States*, 331 F.2d 493 (9th Cir. 1964).

Accordingly, § 2410 does not waive the diversity requirements for interpleader actions when, as here, the United States is a defendant. *Kent v. Northern California Regional Office of the American Friends Committee*, supra.

Plaintiff concedes that § 2410 does not provide independent grounds for juris-

diction in this action, and that it only operates to waive sovereign immunity if jurisdiction over the subject matter is based on other grounds. However, plaintiff contends that because this Court has jurisdiction over this matter under 28 U.S.C. § 1340 and 26 U.S.C. § 7426, that the Government has waived sovereign immunity pursuant to § 2410, and that this Court can assume jurisdiction over the interpleader action. Section 1340 confers jurisdiction over ". . . any civil action arising under any Act of Congress providing for internal revenue . . . ." Here, the issues to be determined are contractual in nature, and there are no allegations that the Government failed to act under, or in accordance with, any act "providing for internal revenue". Therefore, this Court has no jurisdiction over this action under 28 U.S.C. § 1340. Assuming, arguendo, that this Court did have jurisdiction over the subject matter of this suit, pursuant to § 1340, and the United States has waived sovereign immunity under § 2410, those facts would not alter the jurisdictional requirements for maintaining this interpleader action under § 1335 or F.R.Civ.P. 22. As noted above, diversity of citizenship or a federal question is required, and neither exits herein. Accordingly, plaintiff's argument that this Court could assume jurisdiction over the interpleader action because it has independent jurisdiction based upon § 1340, is without merit.

■ For similar reasons, plaintiff's attempt to base jurisdiction over this interpleader on 26 U.S.C. § 7426 must also fail. That section provides in relevant part:

"If a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

Under the escrow agreement, plaintiff was entitled to deduct all charges for its services and expenses, including costs and reasonable attorneys' fees, from the income produced by the escrowed assets before crediting the remainder of the income to Stone's separate account. Plaintiff contends that it has not received its fees and expenses since July 23, 1975, because of the Government's levy. Therefore, it is clear that this Court has jurisdiction under 26 U.S.C. § 7426 to adjudicate the rights of the income from the escrow account, but only as between the Government and the plaintiff, and only to the extent that plaintiff claims an interest therein. The government purports to recognize plaintiff's right to these funds, claims that the levy was intended to reach only the income payable to Stone after plaintiff's deductions, and has no objection to the payment of properly chargeable fees. Since the Court does not have before it the amount properly chargeable by plaintiff against the income fund, the parties will be granted thirty days in vhich to reach a settlement with regard to these payments. If no such settlement is reached within thirty days, a hearing will be held on the matter. However, it should be noted that plaintiff cannot use these limited jurisdictional grounds to maintain an interpleader action over which this Court has no jurisdiction. Accordingly, the interpleader action will be dismissed, and M. Jeanne Stone's motion to dismiss the complaint is thereby rendered moot.

■ The Government has advanced several arguments in support of its motion to dismiss the cross claim filed by Andrew Stone, pursuant to the Tucker Act, 28 U.S.C. § 1346. However, it is unnecessary to reach these arguments because it is apparent that Stone has failed to state a claim under the Tucker Act. Under this section, an individual can bring an action against the Government only if he claims an amount less than $10,000, and specifically waives any claims in excess thereof. *McClendon v. Blount*, 452 F.2d 381 (7th Cir. 1971). Although the amount in dispute is clearly greater than $10,000, Stone has failed to waive the excess, and, therefore, his claim will be dismissed without prejudice. Because there is no independent jurisdictional basis for the counterclaim filed

by Andrew Stone against the plaintiff, the counterclaim will also be dismissed.