ST. LOUIS UNION TRUST
CO., Plaintiff,

v.

Andrew L. STONE, Jeanne M. Stone, and
U.S.A., et al., Defendants.

No. 76–236C(1).

United States District Court,
E. D. Missouri, E. D.

Feb. 22, 1979.

Thomas S. McPheeters, Jr., Robert F. Scoular, Juan D. Keller, Kenneth A. Kleban, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.

Michael I. Saltzman, New York City, Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Sidney L. Stone, St. Louis, Mo., Alexander Younger, U.S. Dept. of Justice, Civ. Div., John J. McCarthy, Chief, Litigation Section, Tax Div. of U.S. Dept. of Justice, Washington, D.C., Richard J. Sheehan, Henry H. Stern, Jr., Susman, Stern, Agatstein & Heifetz, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the Defendant United States' motions for partial summary judgment, for a protective order, and for a stay or extension of time for discovery. For the reasons stated below, the motion for summary judgment will be granted while the other motions will be denied as moot.

This case is brought under 28 U.S.C. § 1331 for a declaratory judgment and other relief. Plaintiff, St. Louis Union Trust Company (the Trust Company), has asked the Court to clarify its obligations under (1) a 1970 trust agreement between the Trust Company, Andrew L. Stone (Stone), and the United States; and (2) subsequent tax liens and levies on the trust account and its proceeds. In its order dated March 16, 1977, 428 F.Supp. 988, this Court granted the United States' motion to dismiss both plaintiff's interpleader action and Stone's crossclaim for lack of subject matter jurisdiction. On appeal the Eighth Circuit Court of Appeals affirmed the dismissal of the crossclaim but reversed the dismissal of the interpleader action 570 F.2d 833 (5 Cir.). The Court held that determining the validity of a federal tax lien is a federal question giving the district court subject matter jurisdiction under 28 U.S.C. § 1331. Accordingly, the case was remanded to determine if the complaint stated a cause of action, and if the lien and levy were valid.

The subject matter of this suit is an escrow account and its income. In 1969 the Civil Division of the Department of Justice began an action in the Eastern District of Missouri against Andrew L. Stone and others. The government sought to ensure that any judgment or other resolution of the civil action could be collected. Stone, in order to avoid an attachment of his assets by the government, agreed with the Civil Division to deposit in an escrow account securities valued at $2,500,000 and shares of a company which Stone controlled. The escrow agreement provided:

1. That it would remain in force during the pendency of a civil action against Stone and would be concluded only by
 (a) a final judgment or dismissal with prejudice following complete settlement of the civil case,
 (b) the agreement of Stone and the Civil Division, or
 (c) by due process of law.
2. That during the life of the trust the principal would be retained and reinvested by the Trust Company and the interest would be paid to Stone.
3. That Stone was empowered to spend the interest for his support, for legal fees, for charitable contributions, and for other necessary expenses.
4. That Stone's right to alienate either the income received from the trust or any other of his assets was circumscribed by the escrow agreement and made subject to the review of the Civil Division.
5. That in return for the deposit of the securities in escrow the Civil Division undertook not to attach Stone's assets, and further undertook to use its "best efforts" to ensure that no other government agency attached the property.

In 1972 the Internal Revenue Service, despite the terms of the agreement between the Civil Division and Stone, filed a lien on Stone's assets and levied upon Stone's property rights held by the Trust Company. The terms of the levy required the bank to pay over all Stone's property rights immediately in order to satisfy the unpaid tax assessment against Stone that had given rise to the lien. However, at this time the revenue officer notified the Trust Company that it should retain both the trust and income from the trust but should no longer pay to Stone the trust income. The bank continued to retain, now in two segregated accounts, both the trust and income.

Stone appealed the Internal Revenue Service levy in Tax Court and, in 1974, filed suit in the Southern District of New York claiming that the Civil Division had breached its escrow agreement and that the income was not subject to levy and should be paid to Stone under the terms of the escrow agreement. The Tax Court appeal is pending, while Stone's action in New York was dismissed for lack of jurisdiction. *Stone v. U. S.*, 405 F.Supp. 642 (S.D.N.Y.1975) *aff'd* 538 F.2d 314 (2d Cir. 1976), *cert. den.* 429 U.S. 921, 97 S.Ct. 317, 50 L.Ed.2d 288 (1976). The Court considered and rejected Stone's claim that the escrow agreement barred an I.R.S. lien and levy on the trust or income. 405 F.Supp. at 647, 648.

In 1975 the I.R.S. again levied on the trust and income, and sent the Trust Company a final demand for Stone's property. However, a revenue agent instructed the Trust Company to retain both the trust and income pending resolution of the litigation between Stone and the United States.

In 1976 the I.R.S. filed another lien on Stone's property held by the Trust Company, levied upon it and sent the Trust Company a final demand. Stone, by telegram, threatened suit for breach of the trust agreement if the Trust Company observed the final demand. The Trust Company then began this suit. After this suit began the I.R.S. released the trust from its 1976 levy and now requests only that the Trust Company pay it the income.

The government has moved for partial summary judgment. This motion is opposed by the Trust Company and by Stone. The motion will be granted because, when viewing the facts in the light most favorable to the Trust Company and Stone, it appears that no issue of material fact is present and that the government is entitled to judgment as a matter of law.

Title 26 U.S.C. § 6321 provides that the Internal Revenue Service shall have a lien over all rights to property belonging to a taxpayer who has failed to pay an assessment against him. Section 6331 provides that when a taxpayer whose property is the subject of a lien has not timely paid his assessment, all his rights to property held by any third person may be levied in satisfaction of his debt.

26 U.S.C. § 6334 exempts certain taxpayer property from a government levy. Property interests held in trust are not specifically exempted by this section, nor have Stone or the Trust Company argued that any part of the trust income is exempt under 26 U.S.C. § 6334. *Stone v. United States, supra.*

 This Court must determine if the escrow agreement between Stone, the Civil Division, and the Trust Company protects Stone's property from an otherwise valid lien and levy under 26 U.S.C. §§ 6321, and 6331. In light of the language of the escrow agreement itself, which states that the Civil Division shall use its "best internal efforts" to ensure that no other government agency levies upon the property belonging to Stone, it is clear that no absolute guarantee of immunity from an otherwise lawful levy was given Stone in consideration for establishing the escrow account. Therefore, this case presents no issues of the Civil Division's duty and efforts to discourage the Internal Revenue Service from placing a lien or levy on the escrowed assets. The agreement did not immunize the escrow from future government attachment. Whether the Civil Division had used every effort to avoid attachment or no effort at all, the lien and levy would be legal. *United States v. Rye*, 550 F.2d 682, 685 (1st Cir. 1977); *Stone v. United States, supra.* Stone has no claim against the Trust Company for complying with the I.R.S. demand. Title 26 U.S.C. § 6332(d).

In light of the legal lien and levy against Stone's property rights held in trust by the Trust Company, it is clear that the Trust Company is obligated to pay immediately to the I.R.S. the income which the I.R.S. demands. Therefore, the Trust Company shall pay both accrued income and income which accrues in the future until the trust is dissolved according to the terms of the original trust agreement.

The Civil Division, by its escrow agreement with Stone, has an interest in the assets escrowed. In the event the Civil Division succeeds in its suit against Stone and is given a judgment, it may satisfy that judgment out of the escrow. If the escrow is insufficient to pay the judgment or other sum agreed upon in settlement, then the Civil Division may proceed against Stone for the difference. If the judgment or other settlement is less than the escrow, then the remainder now subject to an I.R.S. lien and levy shall be paid over to it in satisfaction of any tax assessments remaining unpaid, subject to the right of Stone to appeal the assessment in the Tax Court.

In the meantime, pending final resolution of the civil case, the trust shall continue in

force. The Trust Company remains obligated to administer the trust in accordance with the terms of the trust agreement. Section 6332(d) provides the Trust Company a complete defense against any action Stone may bring for its compliance with the I.R.S. levy on income that would otherwise have been paid to Stone. The Civil Division has agreed that the income be paid to the I.R.S. Therefore, the Trust Company is exposed to no liability by virtue of its compliance with the levy.

When the civil suit against Stone which gave rise to the escrow agreement is terminated if there is any disagreement between the parties on the disposition of the escrowed funds, they may ask this Court to reopen this cause. The Court has stated the manner in which the funds shall be disposed of in this opinion and the cause, therefore, will be dismissed.

All other motions will be denied as moot.