NEW YORK LIFE INSURANCE COM-
PANY, a corporation, Appellant,

v.

Arthur L. LEE and Florence Grusen-
meyer, formerly Florence Lee,
Appellees.

No. 14624.

United States Court of Appeals
Ninth Circuit.

April 11, 1956.

Davis, Jensen, Martin & Robertson,
Theodore B. Jensen, Roland Davis, Port-
land, Or., for appellant.

Elton Watkins, C. X. Bollenback, Port-
land, Or., Richard C. O'Connor, San
Francisco, Cal., for appellees.

Before STEPHENS, HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

This case arose upon a complaint in interpleader brought by appellant New York Life Insurance Company against alleged adverse claimants to insurance policy proceeds.

In 1915 that company issued an insurance policy upon the life of the appellee, Arthur L. Lee. On December 1, 1952, the policy was still in effect and had a cash surrender value of $1711.25. Lee then demanded payment of that sum and offered to surrender the policy. The company refused payment unless one Florence Grusenmeyer, with whom Lee had gone through a marriage ceremony in Nevada, and who was formerly named beneficiary of the policy, consented to the payment of the demanded surrender value. Five months later, on May 1, 1953, Lee brought action in the Circuit Court of Oregon against the insurance company to recover the cash surrender value, $1711.25, together with interest thereon from December 18, 1952, and $1750, alleged to be reasonable attorney's fees. On July 14, 1953, the present suit in interpleader was instituted by the insurance company in the court below against Lee, a resident of Oregon, and Florence Grusenmeyer, a resident of California. Jurisdiction was claimed and asserted under the provisions of Title 28 U.S.C.A. §§ 1335 and 2361,[1] and upon the institution of the suit, the sum of $1711.25 was paid into the registry of the court. No other sum than that stated was deposited and no bond was given in the manner provided for by § 1335.

The trial court held that the amount deposited by the plaintiff was insufficient to entitle it to proceed under the provisions of the interpleader statute and dismissed the action. This appeal followed.

The findings show that in July, 1926, Lee and Grusenmeyer went through a marriage ceremony in Nevada. At that time Grusenmeyer was the wife of one Travers. Lee and Grusenmeyer then resided for some time in California. Grusenmeyer was granted a final decree of divorce from Travers September 1, 1926. Shortly thereafter, on the request of Lee, Grusenmeyer (then Florence Lee) was made beneficiary under the policy. The policy gave Lee the right to change the beneficiary at any time without qualification, and in May, 1932, at the request of Lee, the beneficiary was changed from Florence Lee to Reetha M. Shelley. On January 24, 1934, Lee procured in Ore-

---

1. "§ 1335. Interpleader (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

"(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such

obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

"(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

Section 2361 permits service of process in any district where the claimants reside or may be found.

gon, where he resided, a decree adjudging his marriage to Grusenmeyer null and void from the beginning. In 1937 he again changed the beneficiary to Isabel Clark. Grusenmeyer on December 21, 1932 wrote to the company that she did not consent to any change in the terms or beneficiary of the policy. Notwithstanding this letter from Grusenmeyer, the subsequent change of beneficiary to Clark was made by the company at the request of Lee. The company had certified copies of the various court decrees here mentioned.

After Lee had demanded payment of the cash surrender value of the policy on December 1, 1952, and the company had refused to pay it, Lee refused to make any further premium payments, and the company then asserted that by refusing to pay those premiums on the policy it had been converted to extended insurance without cash value. However, at the time of the institution of the interpleader suit in the court below, the company apparently abandoned that position as it deposited the cash surrender value with the court.

■■ Upon these facts it would appear reasonably clear that on May 1, 1953, when Lee commenced his action in the Oregon State court, he was entitled to recover the cash surrender value plus interest at six per cent per annum from the date of the demand and refusal.[2] It would appear also that he was entitled to recover attorney's fees in that action under the Oregon Revised Statutes § 736.325.[3]

■ In the court below, as here, Lee set up two grounds, either of which he contends required a dismissal of the interpleader action. He contended that the purported adverse claim of Grusenmeyer, which formed the basis for the asserted right of interpleader, was sham and frivolous and that this was well known and obvious to the insurance company. He called attention to the fact that the company had recognized his absolute right to change the beneficiary when Clark became beneficiary on his request in 1937, notwithstanding the 1932 communication by Grusenmeyer. The policy had a net cash value of $35.97 on the date of the decree annulling the purported marriage to Grusenmeyer, Lee having borrowed $550 on the policy. This, says Lee, demonstrates that Grusenmeyer could not have had any possible claim that community property earnings had aided in the accumulation of the present cash value. In short, Lee asserts, that to justify an interpleader suit of the character here attempted, the adverse claim must be of more substance than the alleged claim of the defendant Grusenmeyer on which the insurance company relied. There is no doubt but that an asserted adverse claim may be so wanting in substance that interpleader under the statute may not be justified.

2. Oregon Rev.Stat. § 82.010: "Legal rate of interest. (1) The legal rate of interest is 6 percent per annum and is payable on: (a) all moneys after they become due; * * *."

3. "736.325. Recovery of Attorney's fees in action on policy. (1) If settlement is not made within six months from the date proof of loss is filed with an insurance company or fraternal benefit society and a suit or action is brought in any court of this state upon any policy of insurance of any kind or nature, including a policy or certificate issued by a fraternal benefit society as defined in ORS 740.-010, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such suit or action, then the plaintiff, in addition to the amount that he may recover, shall be allowed and shall recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees. * * * "

Although the attorneys' fees are payable when settlement is not made within six months from the date "proof of loss is filed", it is apparent that no proof of loss was required to accompany Lee's demand on December 1, 1952. See State v. Claypool, 145 Or. 615, 28 P.2d 882. And though the suit was filed less than six months after demand, the Oregon courts hold that in such a case after the six months expire the attorneys' fees may be claimed through a supplemental complaint. Murray v. Firemen's Ins. Co., 121 Or. 165, 254 P. 817.

Cf. John Hancock Mut. Life Ins. Co. v. Beardslee, 7 Cir., 216 F.2d 457, 460.

The trial court, however, did not reach a determination of the question thus raised by the defendant for it held that Lee was right in his second contention which was that the deposit of $1711.25 with the court was insufficient to satisfy the conditions imposed by the interpleader statute § 1335, supra. As found by the trial court, the claim asserted against the company by Lee was in excess of the amount deposited by the plaintiff. In this holding the trial court was right and we find no occasion for inquiring whether the alleged Grusenmeyer claim was lacking in sufficient substance to warrant interpleader under the rule applied in the case last cited.

It is plain that if it should finally be determined that Lee was entitled to the cash surrender value of his policy on December 1, 1952, then interest accumulated upon that sum thereafter.[4] The company continued to hold his money asserting he had no right thereto for a period of seven months and fourteen days before it finally made the deposit which accompanied the filing of this suit. He also had acquired a colorable right to recovery of such sum as the court might find reasonable by way of attorney's fees.[5]

■ Appellant's argument is that "if this is a proper case for interpleader, then there can be no issue as to the insured's right to attorney's fees." Apparently it is the view of the appellant that after rejecting Lee's claim, and for a period of some seven months thereafter making the assertion that his right to the cash surrender value was non-existent, it could then by mere deposit of the principal amount of cash surrender value wash its hands of all other claims that may have accumulated in the interim. We think that Congress in the enactment of the interpleader statute did not intend thus to wipe out the substantial claims of persons asserting rights against such companies. As stated in Sanders v. Armour Fertilizer Works, 292 U.S. 190, 200, 54 S.Ct. 677, 680, 78 L.Ed. 1206, with respect to an earlier version of this statute: "The purpose of the interpleader statute was to give the stakeholder protection, but in nowise to change the rights of the claimants by its operation." And in dealing with a contention that interpleader proceedings had ended rights acquired under state laws, the court said: "We think Congress had no intention to permit such destruction of acquired rights, if indeed it had power so to do." Here Lee clearly had a colorable right to the interest and to attorneys' fees and we are of the opinion that § 1335 was not designed to afford the insurance company an opportunity to ignore those rights.

■ Section 1335 adequately provides for interpleader for the protection of the insurance company and for the preservation and protection of the rights of the adverse claimants. The jurisdiction granted to the district court is not limited to an action of strict interpleader,[6] but the provision is that the court shall also have jurisdiction of an action "in the nature of interpleader". See also Rule 22 F.R.Civ.P., 28 U.S.C.A. This means that it was not required that the insurance company be a mere stakeholder having no claim or interest in the fund or property in dispute; but it might maintain its suit under the statute while still averring that it was not liable in whole or in part to any or all of the claimants. Walmac Co. v. Isaacs, 1 Cir., 220 F.2d 108, 112. §§ 1335 and 2361 provide a useful procedure and remedy for persons confronted with conflicting claims. But § 1335 prescribes definite conditions upon which a plaintiff in the position of the insurance company may claim this remedy.

■ In addition to the showing that there are two or more adverse claimants

---

4. See footnote 2 above.

5. See footnote 3 above.

6. As, for instance, in Treines v. Sunshine Mining Co., 308 U.S. 66, 72, 60 S.Ct. 44, 84 L.Ed. 85.

of diverse citizenship, it must appear that: "[T]he plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." Clearly enough the insurance company's deposit of the amount of the cash surrender value, without more, was not enough to cover the possible future "judgment of the court with respect to the subject matter of the controversy." Included in the subject matter of the controversy was Lee's claim to interest and attorneys' fees.

Although the claim to attorneys' fees arose under the state statute, this court has held that such statutory fees may be recovered under the Oregon statute in the federal court. Horwitz v. New York Life Ins. Co., 9 Cir., 80 F.2d 295, 302; Michigan Millers Mut. Ins. Co. v. Grange Oil Co., 9 Cir., 175 F.2d 544.

In Edner v. Massachusetts Mut. Life Ins. Co., 3 Cir., 138 F.2d 327, the claims of the adverse claimants to certain insurance policies were not identical in amount or character. One of the adverse claimants wanted the cash surrender value of the policies and that was the only amount deposited with the court by the plaintiff insurance company. The other claimant asserted ownership of the policies under assignments and claimed a right to retain and hold the policies against the day when the insured might die. The face value of the policies was $42,500. The court held that the deposit made was insufficient and since no bond was given conditioned upon compliance by the plaintiff with the future order of the court with respect to the subject matter of the controversy, it was held that the court was without jurisdiction because of the failure to comply with this condition precedent.

We think that the decision in the Edner case is well reasoned authority in support of the judgment of the court below here.[7] Had a proper bond been furnished by the insurance company in this case, it would have assured compliance with the future judgment of the court, which might well have included an award not only of interest, but also of attorney's fees. John Hancock, etc., supra.[8] Since this statutory condition was not complied with, the judgment of the trial court was right and it is affirmed.

7. If United States v. Sentinel Fire Ins. Co., 5 Cir., 178 F.2d 217, can be said to be contra to the Edner case, as it was assumed to be in Austin v. Texas-Ohio Gas Co., 5 Cir., 218 F.2d 739, at 745 (note 5), we think it is wrong. The point decided in the Edner case was not there discussed, and although certain defendants claimed amounts which exceeded the deposit, none argued against the right of the plaintiff to interplead them; indeed all parties attempted to waive all question as to the propriety of the interpleader. We note that the Austin case cited the Edner case, supra, with an apparent assumption that Edner stated the rule generally followed.

8. Walmac v. Isaacs, supra, was a case in which adverse claimants asserted rights in varying amounts. The dispute was over a brokerage fee which the interpleader-plaintiff asserted was $4725, and which it admitted it owed. The plaintiff deposited $10,230 paying the additional sum without prejudice to its right to claim that the smaller amount was all that was due. The procedure adopted was held appropriate, it being a suit in the nature of interpleader.