**NEW YORK LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Nora HANNON, Herman Hertz and Hertz Shoe Clinic, Inc., a corporation, Defendants.**

**Civ. No. 67–407.**

United States District Court
D. Oregon.

Oct. 4, 1967.

John H. Holmes, Davis, Jensen, Martin & Robertson, Portland, Or., for plaintiff.

Theodore D. Lachman, Portland, Or., for defendants.

## OPINION AND ORDER

KILKENNY, District Judge:

Nora Hannon brought an action in the Circuit Court for Multnomah County against the New York Life Insurance Company to recover $7,500.00 due on defendant's group insurance policy purchased by Hertz Shoe Clinic, Inc. on the life of her husband. Defendant thereupon brought this action in interpleader under 28 U.S.C. § 1335. Plaintiff, here, is a New York corporation, Mrs. Hannon is a citizen of Oregon, and defendant Hertz is a citizen of California. Plaintiff deposited $10,000.00, plus interest, into the Court as the maximum amount in controversy. Plaintiff charges that Nora Hannon had been divorced from her husband prior to his death and, therefore, does not qualify as his widow under the policy. Plaintiff also alleges that Hertz claims it is entitled to the proceeds of the policy under a constructive trust, the exact nature of which was unknown to the plaintiff. The policy provided that $5,000.00 was payable upon the death of an employee and an additional $5,000.00 was to be paid if death was the result of an accident, but if the employee were a department manager then $7,500.00 would be payable and an additional $7,-500.00 if death was accidental. Hertz keeps records as to how much is due an employee, but has refused to turn these records over to the plaintiff, so plaintiff seeks to obtain this fact by discovery.

Defendant Hannon moves to dismiss the complaint on the ground; (1) that her husband was a departmental manager whose death was accidental and hence the sum deposited by plaintiff was insufficient; (2) plaintiff had remedies on the state level, not here available, among others, that Oregon law granted her attorney fees and (3) that no valid claim can be asserted by Hertz, hence this was not a proper action for interpleader. Subsequent to the filing of this action, the state court allowed plaintiff to amend her complaint to claim $15,000.00 and also issued an order staying action in the circuit court pending the outcome of this litigation.

■■ 1. It is well settled that the federal court has no jurisdiction if the stakeholder deposits a sum smaller than that claimed by claimant. New York Life Ins. Co. v. Lee, 232 F.2d 811, 815 (9th Cir. 1956); Metal Transport Corp. v. Pacific Venture S. S. Corp., 288 F.2d 363 (2d Cir. 1961); 3 Moore Federal Practice § 22.10, p. 3080 (2d ed. 1967). However, the federal court has jurisdiction if the amount deposited equals the amounts claimed when the action was instituted in state court. Gannon v. American Airlines, Inc., 251 F.2d 476 (10th Cir. 1958). The fact that the state court allowed an increase in the amount of plaintiff's demand, after the filing of the interpleader action, would not oust the jurisdiction in this court.

■ 2. The fact that remedies were available to plaintiff in the state court, either by way of intervention,[1] or by way of interpleader,[2] does not destroy jurisdiction. Hunter v. Federal Life Ins. Co., 111 F.2d 551 (8th Cir. 1941). Nor does Flanagan v. Marvel, 94 F.Supp. 145 (D.Minn.1950) point to a contrary result. There, an interpleader action was already pending in state court at the time of the attempted federal intervention. Plaintiff's right to attorney fees under the Oregon statute [3] is fully recognized in the federal courts. John Hancock Mutual Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954), cert. denied 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955); New York Life Ins. Co. v. Lee. supra.

■ 3. The charge in the complaint that Hertz claims some interest in the fund is sufficient to state a claim for relief.

Defendants' motion to dismiss is denied. However, defendant Hannon may ask for an order requiring plaintiff to

---

1. ORS 13.130.

2. ORS 13.120.

3. ORS 736.325.

make an additional deposit in this Court to cover the amount of plaintiff's demand, or to file a bond in compliance with the provisions of the statute.

It is so ordered.