**EAST CASCADE WOMEN'S GROUP, P.C., an Oregon professional corporation, Plaintiff,**

v.

**Alison F. TUTTHILL; Roxanne L. Farra, P.C.; Milly Whatley, P.C.; State of Oregon, Oregon Department of Revenue; and United States of America, Defendants.**

No. CV–02–67–ST.

United States District Court, D. Oregon.

June 18, 2002.

John A. Berge, Bryant Lovlien & Jarvis, PC, Bend, OR, for Plaintiff.

Roxanne L. Farra, Roxanne L. Farra, PC, Bend, OR, for Defendant Roxanne L. Farra, PC.

Hardy Myers, Oregon Attorney General, William Francis Cloran, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants State of Oregon, Oregon Department of Revenue.

Michael W. Mosman, United States Attorney, Portland, Jeremy Nolan Hendon, Trial Attorney, Tax Division, United

States Department of Justice, Washington, DC, for Defendant United States of America.

## ORDER

BROWN, District Judge.

Magistrate Judge Janice M. Stewart issued Findings and Recommendation (# 24) on May 1, 2002, in which she recommended this Court grant Defendant Roxanne L. Farra, P.C.'s Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (2)(# 5), grant Plaintiff East Cascade Women's Group, P.C.'s Motion to Dismiss (# 16), and deny Defendant Roxanne L. Farra, P.C.'s Motion Seeking Award of Costs and Attorney Fees Pursuant to 28 U.S.C. § 1927 and Court's Inherent Power (# 11). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). *See also Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1206 (8th Cir.1983). Having reviewed the legal principles *de novo,* the Court finds no error.

Accordingly, the Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (# 24). The Court **GRANTS** Defendant Roxanne L. Farra, P.C.'s Motion to Dismiss (# 5), **GRANTS** Plaintiff's Motion to Dismiss (# 16), and **DENIES** Defendant Roxanne L. Farra, P.C.'s Motion Seeking Award of Costs and Attorney Fees Pursuant to 28 U.S.C. § 1927 and Court's Inherent Power (# 11).

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATIONS

STEWART, United States Magistrate Judge.

### *INTRODUCTION*

On October 9, 2001, a jury awarded a verdict in favor of Alison F. Tutthill ("Tutthill") against her former employer, East Cascade Women's Group, P.C. ("ECWG"), in *Tutthill v. East Cascade Women's Group, et al,* Circuit Court for the State of Oregon for the County of Deschutes, Case No. 99CV–0376, in the sum of $18,022 on her claim for three month's severance pay. The jury was unable to reach a verdict on plaintiff's wrongful discharge claim and, after the parties stipulated to having that claim decided by the trial judge, the trial judge ruled in favor of ECWG. On December 20, 2001, a Partial Judgment was then entered against ECWG for $18,022 plus pre-judgment and post-judgment interest. Tutthill's attorneys, Roxanne L. Farra, P.C. ("Farra") and Milly Whatley, P.C. ("Whatley"), filed an attorney lien against that Partial Judgment.

Because ECWG contended that the Partial Judgment constitutes wages from which it must withhold state and federal taxes, as well as pay the employer's share of the taxes, it proposed to satisfy this Partial Judgment by deducting employment taxes of $7,956.71. This would result in a net principal to Tutthill of $10,065.29. Farra, on behalf of Tutthill, objected and took the position that no taxes should be withheld from the Partial Judgment.

On January 4, 2002, to provide an opportunity for the potentially competing claimants to the Partial Judgment to state their positions, ECWG filed this interpleader action in the Circuit Court for the State of Oregon for the County of Deschutes, Case No. 02CV–0007–MA, against defendants

Tutthill, Farra, Whatley, the State of Oregon, Oregon Department of Revenue ("ODR"), and the United States of America ("IRS").

On January 15, 2002, the IRS removed this action to this court pursuant to 28 USC §§ 1141 and 1442(a)(1). The ODR filed an Answer, and Farra moved to dismiss this case for lack of jurisdiction (docket # 5). When EWCG opposed Farra's motion, Farra responded with a motion for an award of $2,303.50 in monetary sanctions against EWCG's attorney (docket # 11). After the IRS refused to waive its sovereign immunity and the ODR raised both immunity and jurisdictional issues, EWCG filed a motion to voluntarily dismiss this action with prejudice and without fees or costs to any party (docket # 16). No defendant has objected to dismissal with prejudice, but Farra seeks to condition dismissal upon an award of its attorney fees and costs incurred in defending this lawsuit.

For the reasons set forth below, Farra's motion to dismiss should be granted as against the ODR and any claims premised upon the payment of taxes pursuant to Oregon law; EWCG's motion to dismiss should be granted; and Farra's motion for sanctions should be denied.

### ANALYSIS

#### I. *Farra's Motion to Dismiss*

■ "Federal courts are always 'under an independent obligation to examine their own jurisdiction,' ... and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir.2000) (citations omitted). Moreover, if the state court lacks jurisdiction over the subject matter, then this court acquires none through removal: "Basic to the procedure of removal is the notion of derivative jurisdiction. As explained in *Lambert* ... 'If the state court lacks jurisdiction of the subject matter or of the parties, the [f]ederal court acquires none, although it might in a like suit, originally brought there, have had jurisdiction.'" *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 192 (9th Cir.1983), quoting *Lambert Run Coal Co. v. Baltimore & O R Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

Farra argues that this court lacks jurisdiction over this action because the state court lacked jurisdiction over the ODR and the IRS. Specifically, she contends that the ODR has not waived immunity as to suits in circuit court which concern the assessment, levy or collection of taxes, and that the exclusive jurisdiction over matters concerning the assessment or collection of taxes rests with the Oregon Tax Court. Second, Farra contends that the IRS is immune from suit in state court.

The ODR contends that the IRS properly removed this matter to this court, but that such removal does not confer jurisdiction of this court over the ODR. Therefore, the ODR joins Farra's motion and requests dismissal of this action as to the ODR. The IRS disagrees with Farra that it is immune from every suit in state court, but notes that it may well be immune from the claims asserted in this action. Therefore, it takes no position with respect to Farra's motion.

The IRS timely removed this case to this court pursuant to 28 USC § 1442 which allows removal of actions to federal court of actions filed in state court against the United States or any of its agencies or officers. Accordingly, this court has subject matter jurisdiction over this case under 28 USC § 1441(a)(1), provided that the state court also had jurisdiction.

■ With respect to the ODR, the state court did not have subject matter jurisdiction. The ODR and its employees and agents are immune from liability for any claim in connection with the assessment

and collection of taxes. ORS 30.265(3)(b). Moreover, the Oregon Tax Court has "sole, exclusive and final judicial authority for the hearing and determination of questions of law and fact arising under the tax laws of [Oregon]," and Oregon law expressly prohibits contesting "any action, suit or proceeding in the circuit court or any other court, any matter within the jurisdiction of the tax court." ORS 305.410(1) & (3).

Here, ECWG requests this court to determine its potential tax liability to the ODR as to any claims concerning ECWG's liability to pay taxes due under Oregon law. Therefore, this case should be dismissed as to the ODR. But that does not mean that it should be dismissed for lack of subject matter jurisdiction as to the other defendants, as Farra contends.

■ The state court clearly has jurisdiction to entertain interpleader claims. Thus, at least with respect to the defendants other than the ODR, the issue is not one of subject matter jurisdiction in state court, but rather whether the Complaint states an interpleader claim. It is clear from the allegations of the Complaint that ECWG may be able to seek declaratory relief in state court against Tutthill to determine whether the Partial Judgment constitutes payment of wages to Tutthill and therefore is subject to various tax liabilities. However, at this point, ECWG has no viable interpleader claim.

■ Interpleader allows a party who is or may be exposed to double or multiple liability to joins as defendants "[p]ersons having claims against the plaintiff." ORCP 31. A fundamental requirement of an interpleader action is that the defendants actually have claims against the ECWG. That fundamental requirement is not met in this case. No claim has been made by the ODR or the IRS or anyone else to all, or any portion of, the Partial Judgment. Neither the ODR nor the IRS has filed a tax lien or even a notice of

deficiency. To the contrary, the ODR notified the parties that "[t]he obligation of the parties to the original case between ... Tutthill and [ECWG] is to satisfy the judgment rendered according to its terms [and that the State would not] involve it or its agencies in a minor dispute among counsel for private parties over the form of a Judgment." Farra's Memorandum in Support of Motion to Dismiss, Exhibit A. The IRS later advised the parties that ECWG's claim was essentially a declaratory judgment action with respect to federal taxes for which it has not waived its sovereign immunity. Affidavit of John A. Berge in Support of Plaintiff's Memorandum in Opposition to Request for Sanctions, Exhibit 5.

■ ECWG may have a legitimate concern that either the ODR or the IRS may later determine that ECWG should have paid employer-based taxes on the Partial Judgment to Tutthill. However, that concern cannot be addressed through an interpleader action where neither the ODR nor the IRS has yet made such a claim. A theoretical concern is an insufficient basis for the use of interpleader. *See e.g. New York Life Ins. Co. v. Lee*, 232 F.2d 811, 813–814 (9th Cir.1956).

Furthermore, an interpleader generally requires a plaintiff to deposit a fund into court for distribution to competing claimants. In this case, ECWG and Tutthill dispute whether a portion of the Partial Judgment is subject to any taxes at all. Farra claims that ECWG must report as income only the net amount of the Partial Judgment received after payment of the attorney lien. Complaint, Exhibit 3. ECWG also seeks to determine what additional amount it will owe in taxes as an employer. Thus, unlike the standard interpleader case, this case involves the issue of what additional amount ECWG may owe as the employer's share of the taxes.

Although this court has jurisdiction over claims against the IRS, ECWG cannot state a claim for interpleader against the IRS or anyone else at this point. Instead, to resolve this issue, ECWG should file an action against Tutthill in state court to seek a declaratory judgment as to whether the Partial Judgment constitutes payment of wages to Tutthill and therefore is subject to various tax liabilities. Thus, this court concludes that this action should be dismissed over the ODR for lack of jurisdiction and should be dismissed as to all other defendants for failure to state a claim upon which relief can be granted.

## II. *Farra's Motion for Sanctions*

Pursuant to 28 USC § 1927 and the court's inherent powers, Farra seeks imposition of $2,303.50 in monetary sanctions against ECWG's attorney, John Berge ("Berge"), and the law firm of Bryant, Lovlien & Jarvis, P.C. The amount requested is for the time and expense incurred by Farra in filing the motion to dismiss (5.55 hours) and the motion for sanctions (8 hours) at the hourly rate of $170.00.

### A. *Standards*

█ Pursuant to 28 USC § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An attorney's delay and failure to act warrant § 1927 sanctions only if it is so egregious as to "multiply" the proceedings. *See West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir.1990) (affirming § 1927 sanctions where counsel failed to provide any evidence of discriminatory intent, failed to answer interrogatories, failed to respond to a document demand, and failed to drop the case after improperly serving a defendant).

█ Sanctions under § 1927 must be supported by a finding of subjective bad faith, which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir.1996) (internal quotations omitted). Thus, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.... [R]eckless nonfrivolous filings, without more, may not be sanctioned." *Id.*

█ To fill in the gaps between the other rules, courts are invested with inherent powers to sanction a party or counsel who "'wilfully abuse[s] the judicial process.'" *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. P'ship*, 76 F.3d 1003, 1007 (9th Cir.1996), quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). These sanctions are designed not only to provide a substantive remedy to an aggrieved party, but also to "vindicate judicial authority." *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir.1995).

> For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or malafides, the assertion of a colorable claim will not bar the assessment of attorney's fees.

*Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir.2001), quoting *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir.1986), *cert denied*, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987).

█ However, "[s]uch sanctions require a court to make a finding of subjective bad faith," and due process concerns

"may require 'fair notice and an opportunity for a hearing on the record.'" *Oregon RSA No. 6,* 76 F.3d at 1007 (citations omitted).

## B. *Analysis*

 Farra complains that Berge was aware of the alleged "tax" issue before the Partial Judgment was entered, but made no effort to approach the trial court with that issue or to ask Farra to alter or amend the draft Partial Judgment forwarded to him for his review and approval. After Farra objected to ECWG deducting any amount from the Partial Judgment and filed its attorney lien, Berge stated his intent to interplead the amount awarded in the Partial Judgment. Farra advised him that he had no basis for an interpleader and that he should have raised the issue before entry of the Partial Judgment. Yet Berge filed the interpleader without first seeking amendment of the Partial Judgment under ORCP 71 or consulting the ODR. Faced with a conflict created by being named as a co-defendant with its client, Farra was forced to withdraw as Tutthill's counsel in the underlying state court case. Farra then filed a motion to dismiss and advised Berge that it would seek to recover its attorney fees and costs if he failed to voluntarily dismiss this action. Instead, ECWG opposed Farra's motion to dismiss.

Berge explains that his motivation in filing this action was an attempt to avoid potential multiple liability to ECWG. He consulted certified public accountants and learned of a split of authority at the federal level as to whether an attorney lien could be paid prior to a judgment for severance pay being taxed. However, it appeared that the taxes needed to be withheld from the judgment for severance pay. He raised with Farra the issue of whether taxes should be withheld prior to paying the Partial Judgment, but was unable to reach agreement. He advised Farra that by filing the interpleader action, all competing claimants could be included in one action and state their position as to whether taxes should be withheld. It was not his intent to necessarily resolve the ultimate taxation question, but instead to allow the taxing authorities to state a position if they chose to do so.

After filing the action in state court, the IRS removed it to federal court. The ODR immediately responded by indicating that based on jurisdictional and procedural issues, it was not required to participate and demanded dismissal. Berge advised all parties that he was waiting for the IRS to state its position and that if the IRS chose not to participate, he intended to dismiss the action. To keep all parties' costs and time at a minimum, he did not request or demand that any party file responsive pleadings. Subsequently, the IRS indicated that it had not waived sovereign immunity and therefore did not wish to participate. As soon as both taxing authorities stated their positions, Berge requested the position of all parties on a voluntary dismissal.

As discussed above, this case is not a proper interpleader action. However, by filing this action, Berge hoped to force the taxing authorities to indicate their position on the taxation issue. In fact, the IRS could have deemed the action to be a declaratory judgment action and waived its sovereign immunity. Although ECWG could have filed a motion under ORCP 71 to modify the Partial Judgment to allow the deduction, only the taxing authorities can ultimately resolve the taxability issue. To that end, Berge's tactic proved unsuccessful. However, Farra need not have incurred any extra, unnecessary work had it waited a few weeks and not prematurely filed a motion to dismiss. Moreover, as indicated above, Farra's motion to dismiss is well-taken only with respect to the ODR.

Berge's conduct in this case caused only a single additional proceeding, which was terminated quickly with minimal cost. The record does not support a finding that Berge's conduct rose to the level of bad faith or its equivalent under a recklessness standard. Nothing occurred in this case other than Berge's misguided attempt to provide an opportunity for the taxing authorities to take a position on the taxation issue. This is not a case where plaintiff continued to pursue a claim for oppressive reasons, in bad faith, or in violation of an order of the court. In fact, had Farra waited for the IRS to state its position, as Berge suggested, it would not have needed to file any motion to dismiss since the IRS' position caused ECWG to agree to voluntarily dismiss this case. *Compare Gomez v. Vernon*, 255 F.3d 1118 (9th Cir.), *cert denied*, —— U.S. ——, 122 S.Ct. 667, 151 L.Ed.2d 581 (2001) (affirming sanctions award where attorneys willfully and repeatedly examined prisoners' attorney-client privileged materials), and *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1115–18 (9th Cir.2000) (affirming sanctions award where attorney advised client to violate TRO), with *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998) (stating that "ignorance or negligence" does not support § 1927 sanctions), *Zambrano v. City of Tustin*, 885 F.2d 1473, 1484 (9th Cir.1989) (reversing sanctions award where attorneys, in violation of clear rule, failed to seek admittance to district court before appearing there), and *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir.1986) (reversing sanctions award for repeated tardiness).

Therefore, Farra's motion for sanctions against Berge should be denied.

### III. *ECWG's Motion to Dismiss*

As indicated above, ECWG seeks a voluntary dismissal to which no party objects. Farra, however, seeks as a condition of dismissal that this court award its attorney fees and costs incurred in defending this action. For the reasons stated above with respect to Farra's request for sanctions, such a conditioned dismissal is not appropriate under the circumstances of this case.

### *RECOMMENDATIONS*

For the reasons set forth above, the Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(1) and (2) by Defendant Roxanne L. Farra, P.C. (docket # 5) should be GRANTED; Defendant Roxanne L. Farra, P.C.'s Motion Seeking Award of Costs and Attorney Fees Pursuant to 28 USC § 1927 and Court's Inherent Power (docket # 11) should be DENIED; and Plaintiff's Motion to Dismiss (docket # 16) should be GRANTED.

### *SCHEDULING ORDER*

Objections to these Findings and Recommendations, if any, are due **May 20, 2002**. If no objections are filed, then the Findings and Recommendations will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than **June 7, 2002**. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will be referred to a district court judge and go under advisement.

May 1, 2002.